**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES MCDONALD,

        Plaintiff,               Case No. 2:24-cv-10049

v.                             Hon. Brandy R. McMillion
                                United States District Judge

FJ CARRIER LOGISTICS, LLC, *et al.*,

        Defendants.

_____/

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS FJ CARRIER AND PASTRANA-JIMENEZ'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (ECF NO. 71) AND DENYING PLAINTIFF JAMES MCDONALD'S MOTION FOR SANCTIONS (ECF NO. 75)</u>**

Plaintiff James McDonald ("Plaintiff" or "McDonald") asserts claims against Defendants FJ Carrier Logistics LLC ("FJ Carrier"), Marco Polo Pastrana-Jimenez ("Pastrana-Jimenez"), (together, for the purposes of this Opinion, "Defendants"), and Diesel Global Logistics, Inc. for gross negligence, ordinary negligence, negligent entrustment, negligent hiring and retention, and vicarious liability for negligence. *See generally* ECF No. 31.  Defendants move for partial judgment on the pleadings.  *See* ECF No. 71.  Relating to that request, Plaintiff filed a motion for sanctions.  *See* ECF No. 75.  The parties have adequately briefed the Motions, so the

Court can rule based on the record before it in lieu of conducting a hearing. *See* ECF Nos. 71-72, 74; E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 71) is **GRANTED IN PART** and **DENIED IN PART**; and Plaintiff's Motion for Sanctions (ECF No. 75) is **DENIED**.

## I.

On August 29, 2023, Plaintiff was operating his motorcycle when Defendant Pastrana-Jimenez—who was driving a tractor-trailer owned by FJ Carrier—collided with Plaintiff. ECF No. 31, PageID.1237-1239. Prior to the collision, as relayed by Plaintiff, Pastrana-Jimenez was driving at an excessively high speed, failed to reasonably check for other persons and vehicles, did not drive with due care and caution, and failed to take the proper precautions, such as observing the traffic conditions. *Id.* at 1239. Plaintiff alleges FJ Carrier was similarly responsible for the accident because of its failure to equip Pastrana-Jimenez's vehicle with safety controls, including proper brakes; properly screen and investigate him prior to hiring him; properly direct, instruct, supervise, train, and/or control him; and ensure he complied with the legal requirements for operating a commercial motor vehicle. *Id.* at 1244-1245. As a result of the accident, Plaintiff suffered traumatic shock and injury to his nervous system, mental and emotional anguish, and interference with

his enjoyment of life. *Id.* at 1241. He may also require psychiatric treatment and could potentially become sick and/or disabled. *Id.*

Plaintiff filed this action in connection with the accident caused by Pastrana-Jimenez. *See generally* ECF No. 1. On September 23, 2024, he then filed a First Amended Complaint ("FAC"), which includes claims for ordinary and gross negligence, vicarious negligence, negligent entrustment, and negligent hiring and retention. *See generally* ECF No. 31. Before the Court is Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 71), seeking to dismiss the following four claims: direct-liability against Pastrana-Jimenez for gross negligence, vicarious-liability against FJ Carrier for gross negligence, direct-liability against FJ Carrier for negligent entrustment, and direct-liability against FJ Carrier for negligent hiring, supervision, training, direction, instruction, and the like. ECF No. 71, PageID.1752.

## II.

In evaluating a Rule 12(c) motion for judgment on the pleadings, the Court applies the same standard it uses to evaluate a 12(b)(6) motion to dismiss. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020); *Bolone v. Wells Fargo Home Mortg., Inc.*, 858 F. Supp. 2d 825, 830 (E.D. Mich. 2012); *see also E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). Therefore, the Court "must accept as true all well-pleaded factual allegations," which must "plausibly

give rise to an entitlement to relief." *Bates*, 958 F.3d at 480 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  In order for the Court to determine that a complaint is facially plausible, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Essentially, the Court is assessing "whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  However, the Court is not required to accept legal conclusions in the complaint as true.  *Iqbal*, 556 U.S. at 678-79.

For a 12(c) motion, the Court can consider "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to dismiss to one for summary judgment.  *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).  Documents attached to the pleadings "become part of the pleadings and may be considered on a motion to dismiss."  *Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see* Fed. R. Civ. P. 7(a)(2) (defining "pleading" as including "an answer to a complaint").

**III.**

## A.    GROSS NEGLIGENCE CLAIMS

Defendants move to dismiss Plaintiff's gross negligence claims because Michigan law no longer recognizes the cause of action.  ECF No. 71, PageID.1767. Further, they argue, Plaintiff's factual allegations are insufficient to give rise to any exception to this general rule because McDonald fails to plead "substantially more than ordinary negligence."  *Id.*   Plaintiff concedes that "[a] claim for gross negligence can be proven by showing that Defendants acted in a manner that is so reckless that it demonstrates a substantial lack of concern for whether injury will result."  ECF No. 72, PageID.1802 (citing to *Jennings v. Southwood*, 521 N.W.2d 230 (Mich. 1994) and M. Civ. JI 14.10).  However, Plaintiff contends that his complaint does meet the standard based, in part, on the following allegations in the FAC:

- Defendant FJ CARRIER LOGISTICS LLC was negligent in failing to ensure that the vehicles under its ownership or control, including the 2022 Volvo Tractor Trailer, license number R595377, were systematically and properly inspected, maintained, and repaired, as required by the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and M.C.L. 480.11 *et seq.*, the Motor Carrier Safety Act of 1963.

- FJ CARRIER LOGISTICS LLC's failure to design, implement, and enforce safety controls and procedures for the safe operation of commercial vehicles, creating a culture of risk constituting a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff.

- In driving at an excessive rate of speed, under the conditions then and there existing.
- In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time.

ECF No. 31, PageID.1245. According to Plaintiff, taken together, these allegations are enough for the Court to draw a reasonable inference of gross negligence. But the Court reaches a different conclusion.

In *Jennings*—which Plaintiff himself cites to—the Michigan Supreme Court overturned *Gibbard v. Cursan*, 225 Mich. 311, 196 N.W. 398 (1923), concluding that "[w]hile we recognize that *Gibbard*'s gross negligence is a seventy-year-old doctrine, we must nevertheless discard it because it has outlived its usefulness." *Jennings*, 446 Mich. at 132. Nonetheless, the state's high court did recognize certain statutory exceptions to "give effect to the intent of the Legislature. *Id.* at 135. Thus, under *Jennings*, "all claims of common-law gross negligence under Michigan law [are barred] except in certain contexts in which Michigan law exculpates actors for mere negligent conduct." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 377 (6th Cir. 2009). In this case, like in *Biegas*, a limited exception does not apply—nor does McDonald argue that it does. *Id.* at 377.

Moreover, while Plaintiff invokes *Jennings* to assert that "both FJ Carrier and Defendant Jimenez acted in such a manner that demonstrated a substantial lack of concern for whether injury would occur[,]" ECF No. 72, PageID.1803, the requisite standard is actually that "a defendant could not be held liable for ordinary negligence

but could be held liable for heightened or gross negligence." *Biegas*, 573 F.3d at 378. The Court finds no support in the FAC to conclude that an ordinary negligence claim is insufficient to hold Defendants accountable for Plaintiff's injury, such that a gross negligence theory is warranted. For instance, Plaintiff alleges, in part, that Defendant FJ Carrier did not ensure that the 2022 Volvo Tractor Trailer was adequately repaired and failed to enforce safety control. ECF No. 31, PageID.1245. He further claims Pastrana-Jimenez drove at an excessive speed and failed to properly apply the brakes. ECF No. 31, PageID.1239.

While both allegations may support an ordinary negligence claim, they fall short of the *Jennings* threshold. *See Jennings*, 446 Mich. at 136. Plaintiff even appears to acknowledge that ordinary negligence is a perfectly viable cause of action in this case. ECF No. 31, PageID.1239 ("That Defendant, Marco Polo Pastrana-Jimenez, did then and there display gross negligence, willful and wanton conduct **and/or ordinary negligence and misconduct** by failing to yield the right of way while attempting to turn left, and striking Plaintiff's motorcycle.") (emphasis added). For the foregoing reasons, Pastrana-Jimenez and FJ Carrier are entitled to dismissal on all the FAC's gross negligence claims against them.[1]

---

[1] Plaintiff requests that the Court permit him leave to amend his Complaint to cure any deficiencies upon a finding that gross negligence was not properly pleaded. Request to amend should be freely given, but the Court does not have to allow a party to amend a complaint if doing so would be futile. *Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794, 814 (E.D. Mich. 2016). As explained *supra*, a gross negligence claim would be permitted only under a very limited set of circumstances—none of which the Court believes are even remotely invoked in this case. In view of this, Plaintiff has

## B.      NEGLIGENT ENTRUSTMENT

In Defendants' view, Plaintiff's negligent entrustment claims should be similarly denied.    Specifically, they contend, Plaintiff "conflat[es] negligent entrustment with negligent hiring.  Negligent entrustment requires factual content from which to infer that FJ Carrier entrusted the vehicle to Pastrana-Jimenez despite actual or constructive knowledge that he was, in fact, an incompetent driver."  ECF No. 74, PageID.1844.  In Paragraph 29 of the FAC, Plaintiff alleges FJ Carrier,

> "[…] negligently entrusted the aforementioned motor vehicle and the operation thereof to the defendant-driver, the latter being a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, and consistently negligent driving, all of which were known by Defendant, FJ CARRIER LOGISTICS LLC, or should have been known in the exercise of reasonable care and caution, such that Defendant FJ CARRIER LOGISTICS LLC is hereby guilty of negligence, independent, separate and distinct of defendant-driver."  ECF No. 31, PageID.1246.

Plaintiff goes on to argue that the Court should deem his factual allegations enough to plead negligent entrustment because he also "specifically stated that Defendant FJ Carrier failed to 'properly screen and investigate Defendant Pastrana-Jimenez' to determine if he was inexperienced, lacked knowledge, or had a poor

---

not met the requirements for leave to amend.  *Bourcier v. City of Manistee*, 1992 WL 50467, at *3 (6th Cir. 1992) (holding that the district court was correct in denying the amendments to the complaint because the present claim and proposed amendments would not have stated a legitimate claim. "They would all still have rested on simple negligence based on these facts and the court was correct in denying the amendments.").

driving and history record."   ECF No. 72, PageID.1805 (quoting ECF No. 31, PageID.1243-1244).

"To make out a claim for either negligent supervision or negligent entrustment under Michigan law, [McDonald] must have submitted evidence to show that [FJ Carrier] could have or should have foreseen that [Pastrana-Jimenez] was likely to injure someone while driving the [tractor-trailer]."  *Youngberg v. McKeough*, 534 F. App'x 471, 477 (6th Cir. 2013).  In the instant case, the Court finds that Plaintiff has sufficiently pleaded this claim.  *See e.g.*, *Fredericks v. Gen. Motors Corp.*, 411 Mich. 712, 311 N.W.2d 725, 727 (1981) ("To sustain a cause of action for negligent entrustment a plaintiff must prove that defendant knew or should have known of the unreasonable risk propensities of the entrustee.").

Specifically, Plaintiff meets the pleading standard for negligent entrustment by accusing FJ Carrier of allowing Pastrana-Jimenez to operate a tractor-trailer despite knowing he was "a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, and consistently negligent driving."  ECF No. 31, PageID.1246.  Plaintiff even provides specific examples, such as Pastrana-Jimenez's "inexperience, lack of knowledge, and poor driving record and safety record."  *Id.* at PageID.1244.   Therefore, Defendants' motion is denied as it relates to Plaintiff's negligent entrustment claim.

## C.   NEGLIGENT HIRING AND RETENTION

Finally, Defendants seek dismissal of McDonald's claim for negligent hiring, supervision, training, and retention.  ECF No. 71, PageID.1768-1769.  They argue that the Complaint lacks "sufficient factual content from which to infer a troublesome driving history on the part of Pastrana-Jimenez or knowledge of a troublesome driving history on the part of FJ Carrier."  *Id.*  The Court finds that this high degree of specificity is not required at this stage of litigation and that issue would be best left for summary judgment or trial.

In Michigan, "a claim of negligent hiring or retention requires actual or constructive knowledge by the employer that would make the *specific* wrongful conduct perpetrated by an employee predictable."  *Mueller v. Brannigan Bros. Restaurants & Taverns LLC*, 323 Mich. App. 566, 574 (2018).  Per the allegations in the FAC, FJ Carrier was negligent, in part, by:

- Failing to properly screen and investigate Pastrana-Jimenez prior to hiring him, or in hiring him notwithstanding knowledge of his inexperience, lack of knowledge, and poor driving and safety records;
- Failing to properly direct, instruct, supervise, and train and/or control [Pastrana-Jimenez] regarding the safe operation of a commercial motor vehicle and compliance with applicable Federal and Michigan Statutes;
- Failing to take steps to ensure [Pastrana-Jimenez's] compliance with applicable Federal and Michigan statutes, and the standard of care for a commercial motor vehicle driver.

ECF No. 31, PageID.1244.  The Court finds that there is a connection, however minimal, between Plaintiff's basis for this cause of action and FJ Carrier's specific

wrongful conduct—the accident.  As is, the FAC alleges that because FJ Carrier negligently hired, supervised, trained, and retained Pastrana-Jimenez, this resulted in him colliding with and injuring Plaintiff, which is enough to state a plausible claim for relief.

With respect to Defendants' argument that this claim should be dismissed on the separate ground that under the No-Fault Act ("the Act"), employer negligence claims fall outside the scope of residual liability, the Court finds that the claim still survives.  The relevant section of the Act provides that "[a] person remains subject to tort liability for noneconomic loss ... only if the injured person has suffered death, **serious impairment of body function**, or **permanent serious disfigurement**." *Auto Club Ins. Ass'n v. Hill*, 431 Mich. 449, 455 (1988) (quoting MICH. COMP. LAW § 500.3135(1)) (emphasis added).  Plaintiff has alleged that the accident resulted in serious impairment of his body function and/or permanent serious disfigurement. *See e.g.*, ECF No. 31, PageID.1241 ("[McDonald], was seriously injured and suffered a serious impairment of body function, serious neurological injury and/or permanent serious disfigurement as follows: orthopedic injuries requiring surgeries[…]").

Furthermore, the Court is not persuaded by Defendants' argument that, despite Plaintiff's allegation, the Act strictly limits plaintiffs to "negligence actions against motor vehicle owners, maintainers, and users" only, rather than their employer as

well. ECF No. 71, PageID.1772-1782. By asserting that "the Michigan Legislature is presumed to have understood and intended that the […]employer negligence claims […] fall outside the scope of residual liability in third-party tort actions pursued under § 500.3135(1) and (3)(b)[,]" Plaintiff seeks a broad construction of the statute that is not grounded in Michigan precedent. ECF No. 71, PageID.1778. Thus, the Court will not adopt Defendants' reading. Instead, it gives greater weight to Michigan's long-standing "doctrine of respondeat superior, [where] the general rule is that an employer is not liable for the torts intentionally or recklessly committed by an employee when those torts are **beyond the scope** of the employer's business." *Zsigo v. Hurley Med. Ctr.*, 475 Mich. 215, 221 (2006) (emphasis added). Meanwhile, the FAC sufficiently alleges that Pastrana-Jimenez was acting *within* the scope of his employment with FJ Carrier at the time of the accident. Having found that the Act does not bar Plaintiff's claim for negligent hiring, supervision, training, and retention, the claim survives and may go forward.[2]

**D. BIFURCATION**

Defendants argue that if the Court allows the employer negligence claims and the negligence claims against Pastrana-Jimenez to proceed then the Court should "at a minimum consider bifurcation to avoid prejudice." ECF No. 71, PageID.1785.

---

[2] The Court has already dismissed Plaintiff's gross negligence claims, *see supra* Section III.A, so it does not need to consider whether the Act separately bars those now-dismissed claims.

The Court disagrees. While Federal Rule of Civil Procedure 42(b) provides the Court with discretion to bifurcate trials "[f]or convenience, to avoid prejudice, or to expedite and economize[,]" a bifurcation in this instance would provide just the opposite. Fed. R. Civ. P. 42(b). As stated, to make out a claim for negligent entrustment, McDonald must show that FJ Carrier could have or should have foreseen that Pastrana-Jimenez was likely to injure someone while driving the tractor-trailer. *See Youngberg,* 534 F. App'x at 477. And to prove a claim of negligent hiring or retention, McDonald would have to show that FJ Carrier had knowledge of Pastrana-Jimenez's past, which would make an accident predictable. *Mueller,* 323 Mich. App. at 574. The evidence to do so would be similar to that needed to show liability on the part of Pastrana-Jimenez. And the Court agrees with Plaintiff that it would "impose additional expense on Plaintiff and require the Court to devote unnecessary time and resources to a second proceeding involving the same nucleus of facts." ECF No. 72, PageID.1819. The Court disagrees with Defendants that a limiting instruction could not address their concerns, and therefore, the request for bifurcation is denied.

## IV.

Related to Defendants' request for judgment on the pleadings, Plaintiff files a Motion for Sanctions, pursuant to Rule 11(b), arguing Defendants should be sanctioned for filing a motion that is not supported by existing Michigan law. *See*

*generally* ECF No. 75.  Plaintiff argues that Defendants' motion was objectively unreasonable because they knew that these same arguments are routinely rejected by Michigan courts.  *Id.* at PageID.1881.  However, Defendants' motion raises more than just the issue of direct negligence against FJ Carrier.  It also addresses dismissal of Plaintiff's gross negligence claim, which this Court grants.  Therefore, because Defendants' motion was not wholly without merit, the Court declines to impose Rule 11 sanctions.

**V.**

Accordingly, Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 71) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's Motion for Sanctions (ECF No. 75) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 5, 2026                                    s/Brandy R. McMillion
      Detroit, Michigan                              Hon. Brandy R. McMillion
                                         United States District Judge