Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| James McDonald,<br><br>Plaintiff,<br><br>vs.<br><br>FJ Carrier Logistics, LLC, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-10049-BRM-CI<br>Hon. Brandy R. McMillion<br>Mag. Curtis Ivy, Jr.<br><br>*** **Oral Argument Requested** *** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS FJ CARRIER LOGISTICS, LLC AND MARCO POLO PASTRANA-JIMENEZ'S MOTION TO COMPEL APPEARANCE AT EXAMINATION WITH ORTHOPEDIC SURGEON (ECF No. 91)**

NOW COMES Plaintiff, James McDonald, by and through his attorneys, Michigan Auto Law, P.C., and for his Response to Defendants FJ Carrier Logistics, LLC and Marco Polo Pastrana-Jimenez's Motion to Compel Appearance at Examination with Orthopedic Surgeon, states as follows:

Plaintiff respectfully requests that this Honorable Court deny Defendants' motion for the reasons more fully set forth in the accompanying brief in support.

Additionally, Plaintiff states that Counsel for the parties exchanged emails and held a telephone conference—at Counsel for Plaintiff's request—prior to Defendants filing the instant motion. The parties, however, did not hold an "in

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

person discussion" concerning this motion. *See* Defs.' Mot. to Compel, ECF No. 91, PageID.2138.

Respectfully submitted,

MICHIGAN AUTO LAW, P.C.

BY: /s/ Leo J. St. Amour
LEO J. ST. AMOUR (P88642)
Attorney for Plaintiff

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
Attorneys for Plaintiff
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com
lstamour@michiganautolaw.com
30101 Northwestern Hwy.
Farmington Hills, MI 48334
248-353-7575
248-254-8081 (fax)

Dated: August 31, 2026

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| James McDonald,<br><br>Plaintiff,<br><br>vs.<br><br>FJ Carrier Logistics, LLC, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-10049-BRM-CI<br>Hon. Brandy R. McMillion<br>Mag. Curtis Ivy, Jr. |

**BRIEF IN SUPPORT**

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

# TABLE OF CONTENTS


Concise Statement of Issue Presented ........ v

Controlling or Most Appropriate Authority ........ vi

Table of Authorities ........ vii

Introduction ........ 1

Statement of Facts ........ 1

Argument ........ 7

I. Defendants have not demonstrated good cause to compel Plaintiff to appear for a second examination of his spine ........ 7

II. Even if Defendants have demonstrated good cause, their examination should be limited to an examination of Plaintiff's spine only ........ 13

Conclusion ........ 13

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

# CONCISE STATEMENT OF ISSUE PRESENTED

**I.** Under Federal Rule of Civil Procedure 35, is a defendant entitled to compel a plaintiff to attend a second examination by a physician when the defendant has previously obtained an opinion from an examiner on the exact same condition and the plaintiff has received no subsequent treatment for that condition?

Plaintiff answers: "No."

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

The controlling or most appropriate authority is Federal Rule of Civil Procedure 35 and *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964), which requires the movant seeking a Rule 35 examination to demonstrate that the mental or physical condition it seeks to examine is "in controversy" and that there is "good cause" supporting the examination.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Mohave Transp. Ins. Co.*,
No. 13–6746, 2014 WL 3881203 (E.D. La. Aug. 14, 2014) .......................... 8, 9, 11

*Monroe v. Cooper/T. Smith Stevedoring Co., Inc.*,
No. 06-933-B-M2, 2008 WL 687196 (M.D. La. Mar. 10, 2008) ....................... 8, 11

*Schlagenhauf v. Holder*,
379 U.S. 104 (1964) .......................................................................... 7, 11

*Vopelak v. Williams*,
42 F.R.D. 387 (N.D. Ohio 1967) ............................................................ 8

**Statutes**

Mich. Comp. Laws § 500.3101 ........................................................ 9

Mich. Comp. Laws § 500.3151 ........................................................ 9

**Rules**

Fed. R. Civ. P. 35(a)(2)(A) .......................................................... 7

Fed. R. Civ. P. 35(a)(2)(B) .......................................................... 13

**Treatises**

8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2234.1 (3d ed. April 2026 update) ........................................................ 8

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

## INTRODUCTION

This is a motion to compel Plaintiff to attend a second examination by an orthopedic surgeon. While Defendants claim that their proposed second examiner will only give an opinion on injuries that Plaintiff suffered to his spine, Plaintiff should still not be compelled to attend this examination for three reasons: (1) Defendants have already had Plaintiff examined by Dr. Todd Francis, a neurosurgeon, who rendered an opinion on injuries to Plaintiff's spine, and they have not demonstrated good cause for a second, duplicative spinal examination; (2) Plaintiff has never treated with an orthopedic spine surgeon; and (3) Defendants have not limited their notice to state that this proposed examiner will only render an opinion on Plaintiff's spinal injuries. For those reasons, Defendants' motion should be denied.

## STATEMENT OF FACTS

This case arises from a tractor-trailer versus motorcycle collision that occurred on August 29, 2023. *See* First Am. Compl. ¶ 6, ECF No. 31, PageID.1237. The Court has previously discussed the factual background of the crash in its Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Partial Judgment on the Pleadings. *See generally* ECF No. 80, PageID.2040-41.

Relevant to Defendants' motion are the injuries Plaintiff has suffered because of this crash. Because of the impact, Plaintiff has suffered numerous orthopedic

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

injuries that have required several surgeries. *See* First Am. Compl. ¶ 14, PageID.1241. He has also suffered a traumatic brain injury. *See id.* Altogether, these catastrophic injuries have affected Plaintiff's ability to lead his daily life and caused him to experience pain and suffering. *See id.* While Plaintiff has treated extensively for the injuries he sustained to his extremities and for his traumatic brain injury, he has never treated with an orthopedic spine surgeon. The spine surgeon that he treated with, Dr. Brian Fiani, is a board-certified neurosurgeon.

As this action has progressed, Defendants FJ Carrier Logistics LLC and Marco Polo Pastrana-Jimenez have availed themselves of the opportunity to have Plaintiff evaluated by examiners of their choice. First, Plaintiff was examined by Dr. Mark Kwartowitz, D.O., an orthopedic surgeon, on August 14, 2024. Exhibit 1: Dr. Kwartowitz Report. As part of his report, he concluded that Plaintiff's injuries were causally related to the crash, and that Plaintiff underwent appropriate orthopedic surgical intervention. *Id.* at 5.

Then, one month later, Defendants had Plaintiff evaluated by Dr. Craig Hysni, M.D., a physical medicine and rehabilitation practitioner. Exhibit 2: Dr. Hysni Report. As part of his report, he was "asked to assess the allegation of left leg and knee pain." *Id.* at 7. Dr. Hysni also stated that all of Plaintiff's treatment that he reviewed was "reasonable and appropriate." *Id.* at 8.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

And on April 16, 2025, Defendants had Plaintiff examined by Dr. Todd Francis, M.D., a neurosurgeon. Exhibit 3: Dr. Francis Report. Most relevant to the examination sought by Defendants in the instant motion, Dr. Francis provided an opinion regarding any spinal injuries that Plaintiff may have sustained: "Aside from a cervical and lumbar myofascial strain, I do not feel that Mr. McDonald sustained any other spinal injuries in this motor vehicle accident, fortunately." *Id.* at 7.

But that opinion was not sufficient for Defendants. On July 30, 2026, Defendants emailed new notices for Plaintiff to appear at medical examinations. One of these notices sought Plaintiff's appearance at an examination with Dr. Mark Jacobson, who is an orthopedic surgeon:

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

PLEASE TAKE NOTICE that Defendants have scheduled Plaintiff **JAMES MCDONALD** to appear on **Friday, September 25, 2026, at 11:00 a.m.** for an independent medical examination with **Dr. Mark Jacobson**, who specializes in orthopedic surgery. The examination will take place at **Medsource, 20700 Civic Center Drive, Suite 300, Southfield, MI 48076.**

YOUR CLIENT IS PUT ON NOTICE that if he must cancel and reschedule the above examination, he must provide the undersigned with written notice of cancellation **no less than three (3) BUSINESS DAYS** before the appointment.

FURTHER, failure to appear at the examination without such notice will result in Plaintiff being responsible for paying the late cancellation fee of $400.00.

FURTHER, if Plaintiff fails to appear at the examination, he will be responsible for paying the no-show fee of $400.00.

This medical evaluation is being taken pursuant to MCR 2.311(A).

Respectfully submitted,

By: /S/ DAVID A. KOWALSKI
DAVID A. KOWALSKI (P71179)
Attorneys for Defendants
120 Kercheval Avenue, Suite 200
Grosse Pointe Farms, MI 48236
(313) 308-2034
dkowalski@dmclaw.com

Dated: July 30, 2026

Exhibit 4: Dr. Jacobson Notice.

Seeing that Defendants had noticed Plaintiff to appear for a second examination with an orthopedic surgeon, Plaintiff's Counsel wrote to Defendants'

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

Counsel and explained that Defendants already had the opportunity to have Plaintiff examined by an orthopedic surgeon—Dr. Kwartowitz—so they should not be entitled to have Plaintiff examined by a second surgeon of the same specialty, in addition to raising other concerns with Defendants' notice.

**From:** Leo St. Amour <lstamour@michiganautolaw.com>
**Sent:** Thursday, July 30, 2026 5:01 PM
**To:** Kowalski, David A. <dkowalski@dmclaw.com>; Kevin Seiferheld <kseiferheld@michiganautolaw.com>
**Cc:** Groustra, Timothy <tgroustra@dmclaw.com>; Kevin J Plagens <kevin.plagens@qpwblaw.com>; Elize Vartanian <esimon@michiganautolaw.com>; Alexander Kemp <akemp@michiganautolaw.com>; Peseski, Holly <hpeseski@dmclaw.com>; McCray, Deirdre <dmccray@dmclaw.com>; Pellegrini, Beth <bpellegrini@dmclaw.com>
**Subject:** RE: EXT Confirmation of Deposition Scheduling Agreement [DMC-IMANAGE_MAIN.FID3523730]

**This Message Originated From Outside DMC**

---

David,

I have reviewed the IME notice your office sent today for an examination with Marc Jacobson for purposes of an orthopedic surgery examination. Our client has already appeared for an examination by an orthopedic surgeon in this case on August 14, 2024 with Dr. Mark Kwartowitz. Therefore, any subsequent examination would be inappropriate seeing as how it is duplicative of an examination that has already taken place. Additionally, given that the discovery cutoff is tomorrow, your notice seeks to obtain an examination after the close of discovery, which is also not permitted. Lastly, your notice is not appropriate for this case as it says the evaluation is being taken pursuant to MCR 2.311(A). As I'm sure you know, the Michigan Court Rules to not apply to this action.

With all of that aside, we agreed with you that mutually agreeable dates would be provided for the depositions of all retained experts that would testify at trial by July 21, 2026. We provided you with those dates in good faith with the expectation that you would do the same. But you have not. Can you please tell me what the purpose of entering that agreement was if you were not going to follow through on your end?

Thanks,

Exhibit 5: Email from Counsel for Plaintiff to Counsel for Defendants.

In response to this message, Defendants stated that Dr. Jacobson would be providing an opinion regarding Plaintiff's spinal injuries.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

Good morning,

A more complete response to your email below will be forthcoming, but I wanted to respond to the IME, given the short time before the exam.

As to the IME, Dr. Jacobson is an orthopedic surgeon specializing in the spine, while Dr. Kwartowitz, the previous orthopedic surgeon, specializes in the extremities (arms/legs/shoulders/hips, etc). Therefore, it will not be the same exam or duplicative, as different parts of the body will be the focus (back vs extremities). It is my understanding that Plaintiff is making injury claims related to extremities and the back. If there is no claim for any back/spine injury, please advise.

We can certainly correct the notice to reference the federal rule, as that was a typo. However, the exam is not duplicative, because entirely different parts of the body are being evaluated by each exam. Please advise if Plaintiff will appear given this clarification. If not, please accept this email as a request to concur in a motion seeking to compel same.

Thanks,
Dave

**David A. Kowalski, Esquire**
Principal
313-308-2037 Office
888-811-7144 Fax
dkowalski@dmclaw.com | Bio/vCard
www.dmclaw.com

Dickie McCamey
ATTORNEYS AT LAW

Exhibit 6: Email from Counsel for Defendants to Counsel for Plaintiff.

But as previously highlighted, Defendants had their chance for Plaintiff to be evaluated by an examiner of their choosing to provide an opinion on Plaintiff's back and spine, which Plaintiff's Counsel raised to Defendants' Counsel as yet another reason why the examination sought was not warranted. Defendants' response when this issue was raised was that examinations by two doctors on the same body part were appropriate because they are "complementary." *See* Defs.' Mot. 4, ECF No. 91, PageID.2137.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

## ARGUMENT

### I. Defendants have not demonstrated good cause to compel Plaintiff to appear for a second examination of his spine

Federal Rule of Civil Procedure 35 tells the Court that it "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." The Rule conditions the granting of a medical examination on a showing of "good cause." Fed. R. Civ. P. 35(a)(2)(A). The text of the Rule also makes it clear that the Court has discretion to order "*a* physical or mental examination." *Id.* (emphasis added).

"Rule 35 . . . requires discriminating application by the trial judge" to ensure that "the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause' . . . ." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). These requirements are not "mere formality, but [are] plainly expressed limitation[s] on the use of that Rule." *Id.* at 118. And these requirements are not met by "mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.*

The entry of an order for a physical examination of a party "is not granted as of right." 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

§ 2234.1 (3d ed. April 2026 update). "Rule 35 does not limit the number of examinations a plaintiff may be compelled to undergo; however, a court should require a 'stronger showing of necessity' before ordering repeated examinations." *Monroe v. Cooper/T. Smith Stevedoring Co., Inc.*, No. 06-933-B-M2, 2008 WL 687196, at *2 (M.D. La. Mar. 10, 2008) (quoting *Vopelak v. Williams*, 42 F.R.D. 387 (N.D. Ohio 1967)). This stronger showing of necessity is not necessarily met when a defendant seeks to obtain an examination by a physician "in the same or a similar specialty, where, to do so, would simply allow the defendant to search for a more favorable report and confuse the medical aspects of the case . . . ." *Id.*

Typically, circumstances that would permit a second examination include "separate injuries calling for examination by distinct medical specialties; where the first examination was not adequate or complete; or where a substantial time lag occurred between the initial examination and the trial." *Booth v. Mohave Transp. Ins. Co.*, No. 13-6746, 2014 WL 3881203, at *5 (E.D. La. Aug. 14, 2014) (citation modified). In *Booth*, the plaintiff was claiming a cervical spine injury. *See id.* at *2. He was examined by a doctor of the defendant's choosing pursuant to Rule 35. *Id.* Months after that examination was conducted, the defendant sought to compel the plaintiff to appear for a second examination concerning his neck injuries. *Id.* at *3. The court denied the defendant's motion to compel the plaintiff to appear for a second examination. *Id.* at *6. The court reasoned that the examination sought was

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

for the same injury that was previously examined, that the plaintiff had claimed he had suffered a neck injury from the inception of the case, and that there was not a sufficient time lag to warrant a second examination when there "was no new medical evidence that would warrant the necessity of a second IME . . . ." *Id.* at *5.

And while it is not binding, the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101 *et seq.*, also provides guidance for situations where a defendant seeks to have a plaintiff examined by a doctor who has a specialty the plaintiff never received treatment with. The statute states:

> (1) If the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, at the request of an insurer the person shall submit to mental or physical examination by physicians. A personal protection insurer may include reasonable provisions that are in accord with this section in a personal protection insurance policy for mental and physical examination of persons claiming personal protection insurance benefits.
>
> (2) A physician who conducts a mental or physical examination under this section must be licensed as a physician in this state or another state and meet the following criteria, as applicable:
>
> ***(a) If care is being provided to the person to be examined by a specialist, the examining physician must specialize in the same specialty as the physician providing the care*, *and if the physician providing the care is board certified in the specialty, the examining physician must be board certified in that specialty***.

Mich. Comp. Laws § 500.3151 (emphasis added).

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

The same logic found within the statute applies with equal force in this case: it would make little sense to compel a plaintiff to submit to a defense examination by a type of specialist with whom he has never treated.

In this case, Defendants have not demonstrated good cause to warrant a repeated examination of Plaintiff's spine. No matter how Defendants frame it, the examination they seek duplicates one they have already received. If, as Defendants now represent, Dr. Jacobson's examination will be limited to Plaintiff's spine, it duplicates the examination Dr. Francis performed and the definitive spinal opinion he rendered. If it is not so limited, it duplicates the orthopedic examination Dr. Kwartowitz performed. Either way, Defendants must make the "stronger showing of necessity" that repeated examinations require, and they have not. Their ability to make this heightened showing is hindered by the fact that Plaintiff never treated with an orthopedic spine surgeon.

Similarly, Defendants' argument that the examination could provide them with "a more complete picture of the alleged injury," Defs.' Mot. 12, ECF No. 91, PageID.2144, also fails to satisfy their burden of demonstrating good cause. Each of the three physicians who have examined Plaintiff in this case under Rule 35 have been chosen by Defendants. Had they desired to have a "more complete picture," as they say, they should have been more selective in the examiner that they chose to hire and examine Plaintiff. Moreover, nothing would have stopped Defendants from

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

retaining an orthopedic spine surgeon as an expert to provide testimony to a jury regarding Plaintiff's spinal injuries, yet another opportunity for them to present their holistic view of Plaintiff's spine. *See Schlagenhauf*, 379 U.S. at 118 ("The ability of the movant to obtain the desired information by other means is also relevant."). Additionally, it cannot be ignored that all of the examiners who have evaluated Plaintiff have concluded that Plaintiff was injured because of this crash. Defendants' attempt to obtain another examination given these positive findings for Plaintiff suggests that they are "search[ing] for a more favorable report" by seeking this examination. *See Monroe*, 2008 WL 687196, at *2.

Nor can Defendants demonstrate good cause by citing the difference between Dr. Francis's specialty and Dr. Jacobson's. The spine is squarely within a neurosurgeon's area of expertise; neurosurgeons diagnose and treat spinal conditions on a daily basis. Defendants do not contend that Dr. Francis's examination was inadequate or incomplete. *See Booth*, 2014 WL 3881203, at *5. Instead, they seek a second opinion on the same body part from a physician of "the same or a similar specialty" which "would simply allow the defendant to search for a more favorable report." *Monroe*, 2008 WL 687196, at *2. Defendants' observation that Plaintiff has "alleged separate injuries," Defs.' Mot. 12, PageID.2144, changes nothing; separate injuries justify examinations by distinct specialties, an opportunity Defendants have already used three times over. What they seek now is a second examination of the

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

same injury. But this type of witness stacking at trial does not create good cause for the examination Defendants desire to obtain.

Lastly, while Defendants indicate that their examination by Dr. Francis would be nearly twenty-one months old by the time of trial, that fact, standing alone, does not warrant good cause for the examination of Plaintiff. In the time that has passed since Plaintiff was examined by Dr. Francis, he has undergone no treatment on his spine, despite Defendants' conclusory statement that he "has continued treating, in any event." Defs.' Mot. 3, PageID.2135. Therefore, as in *Booth*, where there was not good cause for a second examination of the plaintiff's spine considering the absence of additional medical treatment, there is no good cause in this case for a repeated examination of Plaintiff's spine—regardless of the time that has passed—since there has been no additional treatment on his spine. Any staleness, moreover, is of Defendants' own making. They chose to have Plaintiff examined in May 2025 and have now waited fourteen months to notice another spinal examination. If the mere passage of time between an examination and trial could satisfy the good cause requirement, every defendant would be permitted to seek a refresher examination on the eve of trial.

In sum, Defendants are seeking another bite at the apple. They had Plaintiff's spine examined once before, and they seek to have it examined once again. But nothing as it relates to Plaintiff's spine has changed since Defendants last had

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

Plaintiff undergo an examination of his spine. He should not be compelled to appear for a duplicative examination so Defendants can stack witnesses at trial against him.

## II. Even if Defendants have demonstrated good cause, their examination should be limited to an examination of Plaintiff's spine only

Rule 35 also instructs the Court that any order compelling an examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). Were the Court to find that good cause has been demonstrated to warrant an examination, the Court should limit the scope of the examination to Plaintiff's spine—the only body part Defendants reference in their motion. Simply put, Defendants should not be able to argue now that they intend for Plaintiff to undergo an examination with an orthopedic spinal surgeon, only for them to be allowed to receive what would amount to a "do-over" of the examination conducted by Dr. Kwartowitz.

Thus, if the Court does permit Defendants to have Plaintiff examined by Dr. Jacobson, the Court should nevertheless impose limitations on the scope of the examination, namely, that it be limited to an examination of Plaintiff's spine alone. *See id.*

## <u>CONCLUSION</u>

Defendants have had Plaintiff examined by three doctors of their own choosing. They should not be permitted to have a fourth doctor examine Plaintiff when their proposed examiner would conduct an examination that was already done

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

by Dr. Francis, especially considering that Plaintiff has not received any subsequent treatment on his spine since this examination took place. Therefore, the Court should deny Defendants' motion to compel Plaintiff's appearance at an examination with Dr. Jacobson. However, if the Court does find good cause for this examination, it should limit the examination to Plaintiff's spine only.

Respectfully submitted,

MICHIGAN AUTO LAW, P.C.

BY: /s/ Leo J. St. Amour
LEO J. ST. AMOUR (P88642)
Attorney for Plaintiff

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
Attorneys for Plaintiff

Dated: August 31, 2026

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was submitted to the Clerk of Court using the Court's CM/ECF system, which sent a Notice of Electronic Filing to all counsel of record.

/s/ Leo J. St. Amour
Leo J. St. Amour