Exhibit 7

St. Amour, Leo 08/31/2026
For Educational Use Only



8B Fed. Prac. & Proc. Civ. § 2234.1 (3d ed.)

**Federal Practice and Procedure (Wright & Miller)** | April 2026 Update

**Federal Rules of Civil Procedure**

**Chapter 6. Depositions And Discovery**
Author: Richard L. Marcus

**Rule 35. Physical And Mental Examinations**

# § 2234.1 Motion and Order—Showing Required

**Primary Authority**

**Fed. R. Civ. P. 35**

**Forms**

West's Federal Forms §§ 3601 to 3620

An order for the physical or mental examination of a party is not granted as of right. When the matter is contested it is addressed to the sound discretion of the trial court.[1] Moreover, the requirements in the rule that the moving party show "good cause" and that the condition to be examined is "in controversy," the Supreme Court said in Schlagenhauf v. Holder,[2] are plainly expressed limitations on the use of the rule rather than "a mere formality."[3]

These limitations, the Court said,

> are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.[4]

The Court said that in some situations the pleadings alone will be sufficient to meet these requirements.

> A plaintiff in a negligence action who asserts mental or physical injury * * * places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. This is not only true as to a plaintiff, but applies equally to a defendant who asserts his mental or physical condition as a defense to a claim, such as, for example, where insanity is asserted as a defense to a divorce action.[5]

The matter is different when the person or party whose examination is sought has not put his or her own condition in issue—as in Schlaugenhauf—and it is other parties who raise the issue. In this situation a discriminating application must be made by the trial judge of the "in controversy" and "good cause" requirements.

> This does not, of course, mean that the movant must prove his case on the merits in order to meet the requirements for a mental or physical examination. Nor does it mean that an evidentiary hearing is required in all cases. This may be necessary in some cases, but in other cases the showing could be made by affidavits or other usual methods short of a hearing. It does mean, though, that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule.[6]

Applying these principles to the case before it, the Court in Schlagenhauf found that the trial court's order requiring that defendant submit to a battery of examinations was not justified. That litigation grew out of a collision in which a Greyhound bus driven by Schlagenhauf ran into the rear of a truck, and the owner of the truck asserted a claim against Greyhound and Schlagenhauf. Greyhound asserted that the truck had not used proper rear lights. The truck owner alleged that Schlagenhauf was "not mentally or physically capable" of driving the bus safely and that Greyhound "knew that the eyes and vision of said Robert L. Schlagenhauf [were] impaired and deficient."[7] It also submitted its attorney's affidavit stating that Schlagenhauf had admitted in his deposition that he had seen red lights on the rear of the truck ten to fifteen seconds before the accident, admitted also that he had been in another similar accident, and that another witness had seen these lights from a distance of one–half to three–quarters of a mile.[8] The district court ordered Schlagenhauf to submit to examinations in internal medicine, ophthalmology, neurology and psychiatry.[9]

The Supreme Court granted a writ of mandamus, reasoning that Rule 35 requires more than mere relevance.[10] Since Schlagenhauf had not put his condition in issue,[11] the Court found that the necessary showing "plainly" had not been made. In the Court's view, the record contained only the conclusory assertion in the pleadings that Schlagenhauf's eyes and vision were impaired and some indications from discovery that this might be true. Although it "would be hesitant to set aside a visual examination if it had been the only one ordered,"[12] the Court felt it more appropriate that the entire matter be reconsidered by the district court. Two justices felt that the record did support at least some examinations.[13]

Obviously the Rule 35 decision is intensely fact–specific, and no general rules can be set out. Instead cases since Schlagenhauf have made individual decisions, both allowing[14] and refusing examination.[15] The court may decide to refuse the examination if the information sought is available from other sources.[16]

Westlaw. © 2026 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

1 **Discretion of trial court**
Granting of motion made pursuant to Rule 35 is discretionary in trial court. Bucher v. Krause, 200 F.2d 576 (7th Cir. 1952), cert. denied, 345 U.S. 997, 73 S. Ct. 1141, 97 L. Ed. 1404 (1953).

Decision on whether to compel physical examination is committed to discretion of court, even when good cause is shown. Stinchcomb v. U.S., 132 F.R.D. 29 (E.D. Pa. 1990).

"Even when the 'good cause' and 'in controversy' requirements are met, it is still in the sound discretion of the trial court whether to order the examination. This discretion serves as a protection to a party whose feelings or reputation might be injured by an unwarranted disclosure, and thus tends to serve the purpose for which the physician–patient privilege was originally created." Hardy v. Riser, 309 F. Supp. 1234, 1241 (N.D. Miss. 1970).

Solimene v. B. Grauel & Co., K.G., 399 Mass. 790, 507 N.E.2d 662, 668 (1987), **citing Wright & Miller.**

2 **Schlagenhauf case**
379 U.S. 104, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964).

3 **Plainly expressed limitations**
379 U.S. at 118, 85 S. Ct. at 242.

4 **Showing required**
379 U.S. at 118, 85 S. Ct. at 242–243 (per Goldberg, J.).

5 **Pleadings alone**
379 U.S. at 119, 85 S. Ct. at 243.

6 **Sufficient information**
379 U.S. at 119, 85 S. Ct. at 243.

7 **Allegations**
374 U.S. at 108–109, 85 S. Ct. at 237.

8 **Showing**
379 U.S. at 108, 85 S. Ct. at 237.

9 **Examinations ordered**
The truck company had submitted a list of nine specialists from which it evidently expected the court to select four to perform examinations. Evidently not understanding this, the district judge ordered Schlagenhauf to submit to nine examinations. It later corrected this mistake. See 379 U.S. at 108–109 & n. 3, 85 S. Ct. at 237 & n. 3.

10 **More than relevancy**
The Court quoted Chief Judge Sobeloff: "The specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b). Thus, by adding the words' * * *; good cause * * *; ,' the Rules indicate that there must be a greater showing of need under Rule * * *; 35." Guilford

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

St. Amour, Leo 08/31/2026
For Educational Use Only



Nat. Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921, 924 (4th Cir. 1962). For the Supreme Court's reasoning, see text above accompanying note 4.

11 **Put in issue**
The Court noted this reasoning would apply to a plaintiff in a negligence action who asserts a physical or mental injury or a defendant who asserts his mental or physical condition, such as insanity, as a defense. 379 U.S. at 119, 85 S. Ct. at 243. See text above accompanying note 5.

**See also**
Statement in the motion that defendant did not believe plaintiff to be injured as seriously as he claimed was sufficient to authorize a physical examination in a personal–injury case. Leach v. Greif Bros. Cooperage Corp., 2 F.R.D. 444 (S.D. Miss. 1942).

12 **Visual examination**
379 U.S. at 121, 85 S. Ct. at 244.

13 **Two Justices**
Justice Black, joined by Justice Clark, did "agree that the order was broader than required," but found that the circumstances disclosed by the record warranted some examination: "In a collision case like this one, evidence concerning very bad eyesight or impaired mental or physical health which may affect the ability to drive is obviously of the highest relevance. It is equally obvious, I think, that when a vehicle continues down an open road and smashes into a truck in front of it although the truck is in plain sight and there is ample time and room to avoid collision, the chances are good that the driver has some physical, mental or moral defect. When such a thing happens twice, one is even more likely to ask, 'What is the matter with that driver? Is he blind or crazy?' Plainly the allegations of the other parties were relevant and put the question of Schlagenhauf's health and vision 'in controversy.' The Court nevertheless holds that these charges were not a sufficient basis on which to rest a court–ordered examination of Schlagenhauf. It says with reference to the charges of impaired physical or mental health that the charges were 'conclusory.' I had not thought there was anything about pleadings being 'conclusory'—that is their function, at least since modern rules of procedure have attempted to substitute simple pleadings for the complicated and redundant ones which long kept the common–law courts in disrepute. I therefore cannot agree that the charges about Schlagenhauf's health and vision were not sufficient upon which to base an order under Rule 35(a), particularly since he was a party who raised every technical objection to being required to subject himself to an examination but never once denied that his health and vision were bad. In these circumstances the allegations here should be more than enough to show probable cause to justify a court order requiring some kind of physical and mental examination." 379 U.S. at 123–124, 85 S. Ct. at 245.

14 **Allowing examination**
The district court did not abuse its discretion in ordering a psychological examination of a deputy constable in a § 1983 action arising from the constable's fatal shooting of a bicyclist. The court allowed the evaluation to level the playing field because the constable had indicated that he intended to prove what happened on the night of the shooting through use of psychological evidence of the bicyclist's mental state. Goodman v. Harris County, 571 F.3d 388 (5th Cir. 2009).

The district court did not abuse its discretion in ordering plaintiff making a discrimination claim against employer to undergo a psychological examination. The employee even stipulated that his mental condition was in controversy. Herrera v. Lufkin Industries, Inc., 474 F.3d 675 (10th Cir. 2007), **quoting Wright, Miller & Marcus.**

Good cause existed to order a mental examination of plaintiff former employee of defendant. The standard for such an order requires more than conclusory allegations, but it does not mean that the party requesting

the examination must prove its case on the merits to justify the order. In this case, plaintiff asserted that defendant's actions caused ongoing mental harm, putting plaintiff's mental condition clearly in controversy. And mere review of the employment records would not suffice. The application sufficiently detailed the standard psychological tests that would be done. Robinson v. De Niro, 600 F. Supp. 3d 286 (S.D. N.Y. 2022).

Plaintiff federal employee placed her mental condition in controversy so as to justify an independent mental examination. Even though she offered to dismiss her claim for intentional infliction of emotional distress, she still sought $1 million in mental and emotional distress damages, and alleged that her emotional distress was unusually severe. In addition, she testified that she suffered from psychiatric disorders and claimed that these disorders could be relevant to disputed issues such as causation. Snipes v. United States, 334 F.R.D. 667 (N.D. Cal. 2020).

Defendant blender manufacturer properly presented an ex parte motion to compel a physical and mental examination of plaintiff consumer, a New Zealand resident who was scheduled to travel to the U.S. for her deposition. The ex parte motion was appropriate in light of the cost of travel to the U.S. from New Zealand, the urgency of the parties' dispute, and plaintiff's delay in agreeing to the deposition and related examination dates. In addition, plaintiff's counsel did not respond to defendant's email message requesting a formal stipulation that plaintiff would attend the examination. But the court would not permit the examining physician to seek information from plaintiff about how she sustained her injuries, as opposed to seeking information about what injuries resulted from the incident. Flack v. Nutribullet, L.L.C., 333 F.R.D. 508 (C.D. Cal. 2019).

There was a sufficient basis for an order that defendant obstetrician submit to a buccal swab paternity test. Plaintiff asserted that defendant used his own sperm to impregnate the mother of a child by artificial insemination without disclosing that he was doing so. The core of defendant's defense was that he was not the biological father of the resulting child. An analysis of defendant's DNA was required, and was in controversy. Ashby v. Mortimer, 329 F.R.D. 650 (D. Idaho 2019).

Defendants in a § 1983 action showed good cause for ordering a mental or psychiatric examination of plaintiff arrestees. Plaintiffs' argument that defendants' expert had the opportunity to examine them but chose not to do so did not prevent an examination now under the court's authority. Buckler v. Israel, 309 F.R.D. 672 (S.D. Fla. 2015).

Female employee placed her mental condition in controversy in her action against employer asserting employment discrimination. She alleged that she suffered, and continued to suffer, emotional injury, including depression, anxiety, and insomnia. Flores-Febus v. MVM, Inc., 299 F.R.D. 338 (D.P.R. 2014).

Plaintiff placed his physical condition in issue so as to warrant an order for an examination by asserting that motor vehicle collision resulted in cervical and lumbar sprains and multiple disc herniations to his neck. But he did not place his mental condition in controversy so as to warrant a mental examination by asserting garden variety emotional distress or mental anguish allegations. Ornelas v. Southern Tire Mart, LLC, 292 F.R.D. 388 (S.D. Tex. 2013).

Former employee placed her past and current mental condition in controversy in action alleging that her former employer failed to accommodate her chronic, severe depression. She alleged that she suffered from a specific mental disorder, and also asserted a claim for intentional infliction of emotional distress. She also claimed that the employer's conduct had caused her to be hospitalized and to attempt suicide. Gavin v. Hilton Worldwide, Inc., 291 F.R.D. 161 (N.D. Cal. 2013).

Personal injury plaintiff's mental health and vocational abilities were in controversy. Plaintiff had an extensive history of pre-accident mental illness and had spent a considerable portion of his life in mental health facilities. Schaeffer v. Sequoyah Trading & Transp., 273 F.R.D. 662 (D. Kan. 2011).

Employer's request for medical examination of plaintiff employee who alleged sexual harassment and discrimination provided sufficient details to warrant granting its request. The motion identified the doctor who would conduct the examination, his medical specialty, the proposed date and length of the examination, and the areas about which the doctor would inquire. Smith v. Cafe Asia, 724 F. Supp. 2d 125 (D.D.C. 2010).

Defendants established good cause to justify a re-examination of plaintiff before trial. Their experts had examined plaintiff a substantial time before trial, and the passage of time warranted a second examination. Plaintiff's experts had had the opportunity to re-examine him. Sadler v. Acker, 263 F.R.D. 333 (M.D. La. 2009).

There was good cause for a physical examination of plaintiff who sought damages for personal injuries sustained in a motor vehicle collision. Regan v. Trinity Distribution Services, Inc., 251 F.R.D. 108 (W.D. N.Y. 2008).

Good cause existed to justify an independent medical examination of plaintiff. Although she was not claiming permanent mental injury, she was seeking "compensatory damages up to $300,000" for "humiliation, pain and embarrassment" as a result of defendant employer's alleged discrimination. Nuskey v. Lambright, 251 F.R.D. 3 (D.D.C. 2008).

An employee who seeks compensatory damages for emotional pain suffered as a result of employer's action has placed the existence and extent of his or her alleged mental injury in controversy, giving the employer good cause for an independent medical examination. Benham v. Rice, 238 F.R.D. 15 (D.D.C. 2006).

Former administrative assistant at Catholic school suing for severe and repeated sexual harassment would be compelled to undergo an independent psychiatric evaluation. Favale v. Roman Catholic Diocese of Bridgeport, 235 F.R.D. 553 (D. Conn. 2006).

There was good cause for conducting a physical examination of plaintiff in a personal injury action, even though defendants had access to plaintiff's medical records. Plaintiff's left knee, right shoulder, and back injuries were at issue, and it was unclear whether plaintiff's former treating physician was able to determine the extent to which the accident had aggravated plaintiff's prior medical condition. O'Sullivan v. Rivera, 229 F.R.D. 184 (D.N.M. 2004).

Good cause existed for examining of minor child in action against District of Columbia alleging that he had been physically and sexually abused while in the district's care. Doe v. District of Columbia, 229 F.R.D. 24 (D.D.C. 2005).

Good cause existed to permit mental examination of female student in her action against university for alleged indifference to sexual harassment in athletic department. The student alleged specific psychiatric injury, post–traumatic stress disorder, and intended to offer expert testimony to that effect. Simpson v. University of Colorado, 220 F.R.D. 354 (D. Colo. 2004).

Plaintiff put her mental condition in controversy by alleging that defendants' conduct caused "lasting and permanent emotional injury in the form of emotional trauma causing insomnia, severe depression, avoidance,

withdrawal, suicidal ideation, suspiciousness, social discomfort, and low self–esteem." Greenhorn v. Marriott Intern., Inc., 216 F.R.D. 649 (D. Kan. 2003).

Former employee placed her mental condition in controversy by alleging that she was "hospitalized and placed under the care as a physician" as a result of her allegedly discriminatory termination. Cauley v. Ingram Micro, Inc., 216 F.R.D. 241 (W.D. N.Y. 2003).

In Title VII case, plaintiff would be required to submit to independent medical examination because she alleged physical, emotional and economic damages as a result of the alleged discrimination. Smith v. Koplan, 215 F.R.D. 11 (D.D.C. 2003).

Good cause existed for an order compelling a psychiatric independent medical examination of the plaintiff in a personal injury suit resulting from a minor automobile accident. The examination was relevant in determining whether plaintiff was unable to work because of his preexisting mental condition or physical injuries that were allegedly sustained in the accident. There was no other method of determining the plaintiff's present psychological state. Womack v. Stevens Transport, Inc., 205 F.R.D. 445 (E.D. Pa. 2001).

An employee placed her mental state in controversy sufficiently to justify a mental examination in her gender and age discrimination suit. She alleged that she had suffered mental anguish, physical and emotional distress, humiliation, and embarrassment. Although she had agreed not to seek to admit medical records or testimony by a physician, it was not clear whether the employee had agreed to abandon all aspects of her emotional distress claim. Gattegno v. Pricewaterhousecoopers, LLP, 204 F.R.D. 228 (D. Conn. 2001).

Plaintiff in employment discrimination suit placed her mental in controversy by pursuing a tort claim of intentional infliction of emotional distress. Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551 (N.D. Ga. 2001).

Defendant's motion to compel a mental examination of plaintiff would be granted. Plaintiff alleged that exposure to hazardous materials at defendant's direction caused permanent physical injuries that prevented him from working to his full capacity. Although these allegations did not expressly place plaintiff's mental condition in issue, the report of plaintiff's neuropsychologist did. Cabana v. Forcier, 200 F.R.D. 9 (D. Mass. 2001).

Plaintiff in suit against maker of silicone breast implants would be required to undergo a psychiatric exam even though she withdrew her claim for emotional injury. There was a possible nexus between the physical symptoms of which plaintiff complained and her alleged psychological disorders. Pozefsky v. Baxter Healthcare Corp., 194 F.R.D. 438 (N.D. N.Y. 2000).

Defendants established good cause for the mental examination of plaintiff in an employment discrimination action. Plaintiff admitted to various events in her life—four marriages and divorces, being abused by her last husband, submitting to drug rehabilitation treatment, and being diagnosed with skin cancer—that might have caused her emotional distress or contributed significantly to it. Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320 (N.D. Ga. 2000).

Excerpts of plaintiff's deposition in which he identified specific injuries he claimed were caused by defendants' alleged misconduct established that his mental condition was in controversy and afforded good cause for a mental examination of the plaintiff. The plaintiff testified that the defendants' alleged misconduct

had caused him real health problems, and that he had not slept well as a result of the company's actions. Thiessen v. General Elec. Capital Corp., 178 F.R.D. 568 (D. Kan. 1998).

Former employee's mental state was in controversy in ADA action, but only to the extent that she alleged that she was suffering from long–term depression and not to the extent that she made allegations concerning her mental state prior to her termination. She did not assert a separate claim for mental distress. Sarko v. Penn–Del Directory Co., 170 F.R.D. 127 (E.D. Pa. 1997).

In a Jones Act suit, defendant showed good cause to require plaintiff to submit to an interview by the vessel owner's vocational–rehabilitation expert. Plaintiff had placed his physical and mental condition in issue by alleging damages for loss of earnings and/or earning capacity, mental pain and anguish and physical impairment. Moreover, he had submitted to examination by his own vocational–rehabilitation expert, and allowing the employer a similar examination would avoid unfairness. Fischer v. Coastal Towing Inc., 168 F.R.D. 199 (E.D. Tex. 1996).

Plaintiff's mental condition was placed in controversy by her complaint for sexual harassment alleging that she suffered humiliation, embarrassment and mental and emotional distress and seeking damages for intentional infliction of emotional distress. Ragge v. MCA/Universal Studios, 165 F.R.D. 605 (C.D. Cal. 1995).

Plaintiff's claim for intentional infliction of emotional distress placed her mental condition in controversy so as to justify a mental examination. It was not necessary that plaintiff seek medical or psychiatric treatment to warrant such an examination. Lahr v. Fulbright & Jaworski, L.L.P., 164 F.R.D. 204 (N.D. Tex. 1996).

Defendant in medical malpractice action established need for magnetic resonance imaging scan of child allegedly injured during childbirth. Therefore it would be ordered despite the need for general anesthesia and medical concerns about the effect of such anesthesia on children. Defendant submitted affidavits of medical experts indicating that this testing would provide vital information to assess the child's condition and that the test could be performed safely. Pena v. Troup, 163 F.R.D. 352 (D. Colo. 1995).

A plaintiff who sought recovery for continuing emotional and mental distress would be compelled to submit to a mental examination. Statements in plaintiff's answers to interrogatories were sufficient to place his mental condition in controversy, and good cause was shown for such an examination. Ali v. Wang Laboratories, Inc., 162 F.R.D. 165 (M.D. Fla. 1995).

University established good cause for mental examination of plaintiff who claimed that she was sexually assaulted at fraternity party. Plaintiff alleged she suffered mental injury as a result of the assault and intended to prove that fact with testimony from at least two therapists. University wanted to have plaintiff examined by psychiatrist who would perform tests that these therapists had not performed. Eckman v. University of Rhode Island, 160 F.R.D. 431 (D.R.I. 1995).

Employment discrimination plaintiff put her mental state into controversy and examination would therefore be allowed. Plaintiff claimed intangible mental harm as part of her damages, and had herself seen a clinical psychologist for depressive episodes. Usher v. Lakewood Engineering & Mfg. Co., 158 F.R.D. 411 (N.D. Ill. 1994).

Former employee placed her mental condition in controversy in her action against employer alleging sexual harassment and retaliation. She claimed damages for emotional distress and did not limit her claim to

past harms, but claimed ongoing harm. Accordingly, employer established good cause for psychological examination. Jansen v. Packaging Corp. of America, 158 F.R.D. 409 (N.D. Ill. 1994).

In sexual harassment case in which mental injury was alleged, plaintiff would be required to undergo psychiatric and psychological evaluations, despite plaintiff's physician's opinion that further mental examination would adversely affect plaintiff; plaintiff's mental condition had significantly changed since defendants' prior examination in that plaintiff was no longer able to work, and distress suffered by plaintiff from prior examination could not be ascribed to defendants since prior examination was conducted by plaintiff's own expert. Ziemann v. Burlington County Bridge Com'n, 155 F.R.D. 497 (D.N.J. 1994).

In plaintiff's negligence suit against manufacturer of tranquilizer, good cause existed for requiring plaintiff to undergo mental examination. Plaintiff claimed that he suffered ongoing psychiatric harm as result of taking tranquilizer, and thus placed his psychiatric state in controversy. Furthermore, plaintiff intended to prove claim through testimony of his own expert witnesses, and manufacturer had interest in independent examination despite voluminous production of medical records by plaintiff. Duncan v. Upjohn Co., 155 F.R.D. 23 (D. Conn. 1994).

Former employee, who alleged that he suffered severe emotional distress due to wrongful termination, was required to submit to psychiatric examination by former employer's experts for updated mental health evaluation prior to trial. Although employee had previously been evaluated by employer's mental health experts, previous mental health professionals had not seen employee for over two years, and employee's present emotional condition was at issue. Galieti v. State Farm Mut. Auto. Ins. Co., 154 F.R.D. 262 (D. Colo. 1994).

"Good cause" was shown for psychological examination of plaintiff, within meaning of rule governing mental and physical examinations, where plaintiff asserted that he sustained severe mental impairment and psychological injury, and stated that he intended to prove that claim through elicitation of expert psychological testimony. Tomlin v. Holecek, 150 F.R.D. 628 (D. Minn. 1993).

Mental examination would be ordered of inmate plaintiff. Defendants' contention that alleged paranoid–schizophrenic condition of plaintiff impaired his ability to recall and recount events warranted examination. But the fact that he sought damages for past pain and suffering did not. "[T]o find that allegations of past pain and suffering necessarily triggered the Rule 35(a) threshold of placing one's 'mental condition in controversy' would open the floodgates to requests for mental examinations whenever a plaintiff's alleged past pain and suffering in a routine Section 1983 case." Hodges v. Keane, 145 F.R.D. 332, 335 (S.D. N.Y. 1993).

Defendants in personal–injury action arising from allegedly negligent dental and anesthetic surgical care showed good cause for independent examination of plaintiff by psychologist of their choosing, where defendants were surprised by testimony of one psychologist and only recently discovered adverse position of another treating psychologist and other relevant psychological records that plaintiff had failed to produce, defendants averred that independent examination was required to assist consultant in resolving conflict between opinions and diagnoses of two psychologists, and it did not appear that difficulties had been result of dilatory or otherwise bad faith tactics on part of defendants. Mansfield v. Milford, 131 F.R.D. 594 (D. Kan. 1990).

Mental condition of plaintiff in traffic accident case was sufficiently in controversy to warrant psychiatric examination, where plaintiff sought compensation for both physical injuries and emotional distress, plaintiff was required to seek psychiatric treatment in addition to medical treatment after accident, and psychiatric

treatment required plaintiff to be confined to psychiatric ward. Anson v. Fickel, 110 F.R.D. 184 (N.D. Ind. 1986).

Order was entered directing that plaintiff submit to a mental examination to determine his competency to maintain action where value of trust involved in case was well in excess of one million dollars and consequences of any decision would be serious to plaintiff and to his daughter as well as to defendants. Swift v. Swift, 64 F.R.D. 440 (E.D. N.Y. 1974).

**See also**
Although Rule 35 should be construed liberally in favor of granting discovery, it is not sufficient to show only that the plaintiff's medical condition is relevant in order to obtain an order for an examination. There must be a greater showing of need than relevance. And the moving party's ability to obtain the desired information by other means is relevant to deciding whether to order the examination. Rawers v. United States, 545 F. Supp. 3d 1087 (D.N.M. 2021).

Plaintiff's opposition to defendant's Rule 35 motion was unsupported, and plaintiff would be required to submit to the requested examination. Plaintiff made the novel argument that defendant, by failing to seek an independent medical examination in connection with his disability benefits claim, waived the right to seek such an examination in connection with this lawsuit. But there is no case law supporting this notion. Plaintiff does not offer to restrict his proof to the administrative record. Ligotti v. Provident Life and Cas. Ins. Co., 857 F. Supp. 2d 307 (W.D. N.Y. 2011).

The report of the examination by defendant's expert would not be excluded at trial on the ground that the expert exceeded the scope of the examination authorized by the court. The court ordered that the examination should be limited to any history of depression and/or extreme stress in employee's hostile work environment Title VII action. Defendant instructed the expert to focus on plaintiff's claims and severe emotional distress purportedly caused by allegedly harassing conduct. Arizona, Dept. of Law, Civil Rights Div. v. ASARCO, L.L.C., 844 F. Supp. 2d 957 (D. Ariz. 2011).

15 **Refusing examination**
Employee did not place his mental condition in controversy in age–discrimination action against his former employer, for purposes of rule permitting court to order mental or physical examination when mental or physical condition of party is in controversy, when employee claimed he made reasonable efforts to obtain comparable employment in response to employer's failure to mitigate defense. Acosta v. Tenneco Oil Co., 913 F.2d 205 (5th Cir. 1990).

Where plaintiff, a Christian Scientist seeking damages on grounds that forced medication administered her during involuntary hospitalization resulted in violation of her right to freedom of religion, was willing to abandon any claim that any present or anticipated physical or mental disability or condition was caused by medical treatment on which case was based, plaintiff's mental or physical condition was not in controversy and her submission to physical and mental examination as part of pretrial discovery process would not be required. Winters v. Travia, 495 F.2d 839 (2d Cir. 1974).

In action for personal injuries allegedly sustained by plaintiff as a result of discovery of the putrefied body of a small mouse in a bottle of a soft drink manufactured by defendant, and from which plaintiff was drinking, trial court did not abuse its discretion in denying defendant's motion for a physical examination in view of fact that plaintiff did not seek damages for any present suffering, but sought damages only for past physical injury and emotional disturbance. Coca–Cola Bottling Co. of Puerto Rico v. Negron Torres, 255 F.2d 149 (1st Cir. 1958).

In a case involving plaintiff's allegations of sexual harassment, the court would not compel the plaintiff to submit to a "psychosexual examination." The requested evaluation was not a run-of-the-mill procedure, and was highly intrusive. It has been used to determine whether a convicted sex offender posed an ongoing risk of harm. But in this case, the question whether plaintiff considered the alleged conduct "unwelcome" was not dispositive of the claim. The jury would have to determine whether the plaintiff welcomed the conduct. Carbajal v. Hayes Management Service, Inc., 343 F.R.D. 192 (D. Idaho 2022).

Plaintiff's mental condition was not genuinely in controversy, and there was accordingly no justification for subjecting plaintiff to a mental examination. The basic claim in the case was that plaintiff drank contaminated water because defendant released a toxic substance into the water table. Plaintiff alleged that she suffered mental distress due to contracting kidney cancer, but this allegation did not constitute an assertion of "mental injury" that put plaintiff's mental condition in controversy. Plaintiff did not allege that mental distress was her primary injury. In re E.I. du Pont de Nemours and Company C-8 Personal Injury Litigation, 379 F. Supp. 3d 669 (S.D. Ohio 2019).

Mere allegations of mental pain and anguish are insufficient to place a party's mental condition "in controversy" and support a medical examination. Such an examination is permitted only when one of the following is present: (1) a cause of action for intentional or negligent infliction of emotional distress, (2) an allegation of specific mental or psychiatric injury or disorder, (3) a claim of unusually severe emotional distress, (4) plaintiff's offer of expert testimony to support a claim of emotional distress, or (5) plaintiff's concession that her medical condition is "in controversy" within the meaning of Rule 35. In this civil rights case, none of these conditions obtains, and plaintiff's mental health records are not relevant either. Auer v. City of Minot, 178 F. Supp. 3d 835 (D.N.D. 2016).

In a Title VII action, the court would not order the plaintiff who did not place her mental condition in controversy to undergo a psychiatric examination. Mental examinations are ordered only when there truly is good cause to order the examination. The question then is whether, in regard to a claim of damages related to mental distress, the plaintiff is making a claim that differs substantially from the typical claim in similar cases. In this case, one of the plaintiffs was making a "garden variety" claim, and no examination was warranted as to that plaintiff. Winstead v. Lafayette County Board of County Commissioners, 315 F.R.D. 612 (N.D. Fla. 2016).

Male employee did not place his mental condition in controversy in action alleging various claims against employer, including discrimination and negligence. Plaintiff alleged only generalized emotional distress and did not enumerate particular mental injuries. Flores-Febus v. MVM, Inc., 299 F.R.D. 338 (D.P.R. 2014).

Defendants in a reverse discrimination suit would not be permitted to require plaintiff to undergo a vocational interview and evaluation. Plaintiff claimed he had been unable to find comparable employment after being terminated as a police officer by defendants. But neither plaintiff nor defendants claimed that plaintiff was unable to work due to any mental or physical condition, or that his inability to find comparable work was due to any such condition. Sheehan v. City of Markham, 282 F.R.D. 428 (N.D. Ill. 2012).

Former employee did not place his mental state in controversy sufficiently to justify a court-ordered mental examination. It is true that his complaint that he suffered emotional distress and mental anguish as a result of defendant's discrimination. But he did not allege or offer further evidence of any permanent or severe mental or psychological damages in discovery disclosures or responses. Nathai v. Florida Detroit Diesel-Allison, Inc., 268 F.R.D. 398 (M.D. Fla. 2010).

Plaintiff did not place his mental or psychological condition in controversy by seeking, as an element of damages, recovery for "deep pain, humiliation, anxiety, and emotional distress." Plaintiff did not allege a

cause of action for intentional or negligent infliction of emotional distress, and did not seek damages for permanent psychological injury. Johnson v. Peake, 273 F.R.D. 411 (W.D. Tenn. 2009).

Good cause did not exist to order mental examinations of arrestees who sued city and individual police officers alleging false arrest. They did not claim to be suffering from significant psychological injury. Kunstler v. City of New York, 242 F.R.D. 261 (S.D. N.Y. 2007).

In an action resulting from the fall of a 16–year old, there was no justification for a mental examination of the injured boy. The only emotional injury claimed on behalf of the boy was mental anguish, and it was stipulated that no damages were sought for any mental or emotional injury except what the boy suffered at the time of the fall. Bradford Felmly v. Hills, 222 F.R.D. 257 (D.V.I. 2004).

Plaintiff did not place his mental condition in controversy where he asserted only that he suffered emotional stress because of the work environment, but did not assert an ongoing mental injury, or a psychiatric disorder, or an independent action for negligent infliction of emotional distress. Bowen v. Parking Authority of City of Camden, 214 F.R.D. 188 (D.N.J. 2003).

In a personal injury suit, plaintiff would not be required to submit to a vocational assessment. Plaintiff provided defendant with a copy of all medical records, a copy of the report from his vocational expert, his tax records, and all other discoverable material requested by defendant. He could be deposed on all matters relating to his functional capacity. Storms v. Lowe's Home Centers, Inc., 211 F.R.D. 296 (W.D. Va. 2002).

A claim for damages sounding in "emotional pain, suffering, inconvenience, and mental anguish" was not sufficient to place the plaintiff's mental state in controversy so as to warrant a psychological examination. Plaintiff asserted that the form of the emotional pain and mental anguish for which she sought compensation fell into the category of mere humiliation and embarrassment. Nolan v. Intern. Broth. of Teamsters Health & Welfare and Pension Funds, Local 705, 199 F.R.D. 272 (N.D. Ill. 2001).

Seaman who brought personal injury suit arising from shipyard accident could not be compelled to undergo a psychiatric examination. The seaman did not seek to recover damages for any mental or psychiatric injury other than "garden variety" emotional distress attendant to the occasion of the injury. Houghton v. M & F Fishing, Inc., 198 F.R.D. 666 (S.D. Cal. 2001).

Plaintiff's mental condition was not in controversy in a discriminatory discharge action in a way that justified a mental examination. Based on her allegation of emotional distress, plaintiff's mental state was relevant. But mere relevancy is not enough. Plaintiff did not assert a specific cause of action for infliction of emotional distress, and she did not allege a specific mental injury or disorder, or claim unusually severe emotional distress. Finally, and importantly, plaintiff expressly stated that she would not introduce expert psychiatric evidence. Ricks v. Abbott Laboratories, 198 F.R.D. 647 (D. Md. 2001).

Defendant did not have good cause for independent medical examination of plaintiff claiming to be disabled under the Rehabilitation Act due to post traumatic stress disorder. Plaintiff had provided psychological tests and other information to defendant, including some tests performed by defendant itself. Shumaker v. West, 196 F.R.D. 454 (S.D. W. Va. 2000).

Plaintiff employee's prayer for emotional and mental distress damages in gender discrimination suit did not place her mental condition in controversy so as to compel her psychiatric evaluation. She made no special allegations with regard to specific psychological injury and did not allege unusually severe emotional

distress. Neither did she propose to use any expert testimony on this subject. Accordingly, the court would not order an examination. Ford v. Contra Costa County, 179 F.R.D. 579 (N.D. Cal. 1998).

Plaintiff did not place her mental condition in controversy in an employment discrimination action by asserting a garden variety claim for emotional distress damages resulting from the employer's failure to hire her. Accordingly, no mental examination would be ordered. Fox v. Gates Corp., 179 F.R.D. 303 (D. Colo. 1998).

In a personal injury action brought on behalf of a minor child, defendant failed to show good cause for a mental examination of the child. Defendant had access to other evidence of the child's mental capacity, including all of the child's juvenile court records and school records, and an opportunity to interview the child's relatives. Pearson v. Norfolk–Southern Ry. Co., Inc., 178 F.R.D. 580 (M.D. Ala. 1998).

In a wrongful termination action, boilerplate allegations of mental distress did not provide good cause for ordering a psychological examination. O'Sullivan v. Minnesota, 176 F.R.D. 325 (D. Minn. 1997).

Plaintiff did not place her mental condition in issue for purposes of psychiatric examination in Title VII case by seeking compensation for mental anguish. E.E.O.C. v. Old Western Furniture Corp., 173 F.R.D. 444 (W.D. Tex. 1996).

A request for damages for emotional distress does not necessarily mean that a party has placed his or her mental or physical condition in controversy. Plaintiff, a former employee of defendant, was not complaining of any definable psychological symptoms and would not be compelled to submit to a mental examination simply because that he had “lost his respect.” Neal v. Siegel–Robert, Inc., 171 F.R.D. 264 (E.D. Mo. 1996).

Defendant's motion to compel plaintiff to submit to orthopaedic examination would be denied. Plaintiff had already been examined by an orthopedist at defendant's insistence. There were no obstacles to defendant's access to this orthopedist for the purpose of evaluating plaintiff's condition. Stewart v. Burlington Northern R. Co., 162 F.R.D. 349 (D. Minn. 1995).

A products liability plaintiff's mental condition was not “in controversy,” and thus the defendant could not compel him to submit to a mental examination or to produce his psychological records. Plaintiff did not allege that he suffered emotional distress, and his claim based upon mental damages was limited to “embarrassment,” which was not pleaded as a separate tort claim. His submission of psychological services bills as compensable damages was not “good cause” for a psychiatric examination. Smith v. J.I. Case Corp., 163 F.R.D. 229 (E.D. Pa. 1995).

Employer did not make an adequate showing that a mental examination of an employment discrimination plaintiff was justified. Plaintiff had not asserted an independent tort claim for emotional distress or made an allegation of severe emotional distress. O'Quinn v. New York University Medical Center, 163 F.R.D. 226 (S.D. N.Y. 1995).

Terminated employee who claimed damages for humiliation, mental anguish and emotional distress did not place her mental condition “in controversy,” and mental examination would not be ordered. Plaintiff merely claimed damages for emotional distress allegedly suffered as a result of employer's actions alleged in complaint, and did not allege specific psychiatric injury or disorder resulting from employer's conduct,

did not claim to suffer from unusually severe emotional distress, and did not intend to offer expert testimony regarding her emotional distress. Turner v. Imperial Stores, 161 F.R.D. 89 (S.D. Cal. 1995).

Former employer was not entitled to order requiring mental examination of employment discrimination plaintiff absent assertion of separate tort claim for emotional distress. Plaintiff only presented a claim for past mental suffering. Curtis v. Exp., Inc., 868 F. Supp. 467 (N.D. N.Y. 1994).

Allegations in a civil–rights complaint, that the plaintiffs had suffered mental anguish in the past as a result of the defendants' sexual harassment, were not sufficient to require the grant of the defendants' request for a mental examination of the plaintiffs. The plaintiffs did not assert a separate emotional distress claim and did not allege any ongoing severe mental injury. Bridges v. Eastman Kodak Co., 850 F. Supp. 216 (S.D. N.Y. 1994).

Personal–injury plaintiff did not place his life expectancy "in controversy" by seeking future damages, and thus could not be compelled to submit to blood test to determine whether he was HIV positive, notwithstanding his admitted high risk behavior involving sharing of hypodermic needles for intravenous drug injection and engaging in unprotected homosexual activity. Sacramona v. Bridgestone/Firestone, Inc., 152 F.R.D. 428 (D. Mass. 1993).

In suit by plaintiff alleging that she suffered from vaginal stricture due to her mother's ingestion of Dienestrol during pregnancy, drug manufacturer was not entitled to mental examination of plaintiff, who did not allege that she suffered from psychological or psychiatric disorder as result of exposure to drug. Plaintiff's mental condition was not in controversy, and drug manufacturer had no evidence tending to suggest psychological factors were playing role in plaintiff's condition. Bennett v. White Laboratories, Inc., 841 F. Supp. 1155 (M.D. Fla. 1993).

Employee alleging sexual harassment based on hostile or offensive work environment did not place mental condition "in controversy" within meaning of rule governing mental examination of party, even though employee claimed back pay for days lost to stress of hostile work environment and alleged serious effect on psychological well–being. Robinson v. Jacksonville Shipyards, Inc., 118 F.R.D. 525 (M.D. Fla. 1988).

**See also**

SEC employee did not put his mental state in issue in his employment discrimination suit, and therefore did not waive his psychotherapist-patient privilege. All he did was acknowledge that he suffered from depression, but he was not seeking compensation for that. Nor could the SEC overcome the privilege by putting the mental state in issue itself. Koch v. Cox, 489 F.3d 384 (D.C. Cir. 2007).

The motion for a medical examination by a prisoner plaintiff would be denied. The examination was sought primarily to obtain medical care and to complain of deliberate indifference to serious medical needs, rather than to demonstrate disputes and controversies over the medical condition. Green v. Branson, 108 F.3d 1296 (10th Cir. 1997).

Plaintiff who failed to appear for an independent medical examination did not violate a court order by failing to appear even though the court had extended the discovery deadline to enable an examination. The court had not explicitly directed plaintiff to submit to an examination and had explicitly denied defendant's request for such an order. Accordingly, sanctions would not be imposed on plaintiff. Susana v. NY Waterway, 662 F. Supp. 3d 477 (S.D. N.Y. 2023).

In a personal injury suit for injuries to a 16–year–old boy, the child's mental condition was not in controversy, and there was not good cause for a psychiatric examination. The only emotional injury claimed was for anguish, and plaintiffs stipulated that damages were not being sought for any mental or emotional injury other than what the child experienced at the time of the fall that caused the injury. Bradford Felmly v. Hills, 222 F.R.D. 257 (D.V.I. 2004).

A protective order was warranted in an FELA suit to prohibit the defendant employer from unilaterally requiring plaintiff employee to submit to extra–judicial medical examinations by a company doctor, and from initiating any disciplinary proceedings against plaintiff based on his failure to comply unless defendant stipulated in writing in advance that the results of any such examination would not be used in the suit. The employer was seeking the medical examination to assist it in resisting the employee's claim, and thus was seeking discovery in circumvention of the discovery rules. Partida v. Union Pacific R.R. Co., 221 F.R.D. 623 (C.D. Cal. 2004).

Bales & Ray, The Availability of Rule 35 Mental Examinations in Employment Discrimination Cases, 16 Rev.Lit. 1 (1997).

16 **Other sources**

Good cause was not shown for a psychological examination of the operator of a motor boat involved in an accident when plaintiffs had not shown that they could not obtain the information by other discovery methods that would be less intrusive on the defendant's privacy interests. Marroni v. Matey, 82 F.R.D. 371, 372 (E.D. Pa. 1979), **citing Wright & Miller.**

If discovery of medical reports is had good cause for an order to submit to a physical examination may no longer exist. Hughes v. Groves, 47 F.R.D. 52, 57 (W.D. Mo. 1969).

Party whose examination was sought had been treated in a railroad hospital, and railroad had access to the hospital records and reports of the physicians of the hospital. Martin v. Tindell, 98 So. 2d 473 (Fla. 1957), cert. denied, 355 U.S. 959, 78 S. Ct. 545, 2 L. Ed. 2d 534 (1958).

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.