UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF MICHIGAN
SOUTHERN DIVISION

JAMES MCDONALD,

Plaintiff,

v

FJ CARRIER LOGISTICS LLC, MARCO POLO PASTRANA-JIMENEZ, and DIESEL GLOBAL LOGISTICS, INC.,

Defendants.

Case No. 2:24-cv-10049
Hon. Brandy R. McMillion
Mag. Curtis Ivy, Jr.

---

**REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO COMPEL APPEARANCE AT INDEPENDENT MEDICAL EXAMINATION WITH ORTHOPEDIC SURGEON, DR. JACOBSON**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n.*, 257 Mich. App. 365; 670 N.W.2d 569 (2003)

*Badalamenti v. William Beaumont Hospital-Troy*, 237 Mich. App. 278; 602 N.W.2d 854 (1999)

*Craig v. Oakwood Hosp.*, 471 Mich. 67; 684 N.W.2d 296 (2004)

*Karbel v. Comerica Bank*, 247 Mich. App. 90; 635 N.W.2d 69 (2001)

*Kochoian v. Allstate Ins. Co.*, 168 Mich. App. 1; 423 N.W.2d 913 (1988)

*Puttkamer v. TransAmerica Ins. Corp. of America*, 454 Mich. 626; 563 N.W.2d 683 (1997)

*Skinner v. Square D Co.*, 445 Mich. 153; 516 N.W.2d 475 (1994)

*Teal v. Prasad*, 283 Mich. App. 384; 772 N.W.2d 57 (2009)

*Wiley v. Henry Ford Cottage Hosp.*, 257 Mich. App. 488; 668 N.W.2d 402 (2003)

*I. The Examination is not Duplicative.*

Plaintiff does not contest that he alleges spinal injury. Plaintiff further asserts that it is a "second examination by an orthopedic surgeon." (**Dkt. 100**, Pg ID 3105). Orthopods have varying areas of specialty, with some concentrating on the extremities, while others focus on the spine. That is precisely the case here. Plaintiff was examined by an orthopod specializing in extremities, Mark Kwartowitz, DO. He has <u>not</u> been examined by an orthopod specializing in the spine. Plaintiff's argument is akin to arguing that a because an internist has examined a claimant, then a cardiologist examination is not permitted because cardiology is merely a subpart of internal medicine. In any event, even if a spinal orthopod could be considered the equivalent of an extremity orthopod, the examination by Dr. Kwartowitz is now two years old, and in need of updating.

*II. Neurosurgery is Distinct from Orthopedic Surgery.*

Defendants do not dispute that Plaintiff has not treated with an orthopedic surgeon, and, instead that Plaintiff treated with a neurosurgeon. (**Dkt. 100**, Pg ID 3106). However, his medical records since at least 2024 have indicated spondylosis (age-related wear and tear that affects the discs, bones, and ligaments of the spine) and cervicalgia (neck pain, which can be related to the nervous system or musculoskeletal). (**Exhibit F**, p. 25). In fact, imaging

taken of the cervical spine immediately after this accident, on 08/29/2023, showed "There is multilevel degenerative osteoarthritic changes manifesting as joint space loss, chronic endplate changes, osteophyte formation, uncovertebral spurring, and facet arthropathy resulting in varying degrees of neuroforaminal narrowing. Additionally there is multilevel posterior disc osteophyte complexes without significant spinal canal narrowing." (***Id.*** at p. 148). It further noted, "No acute fracture or traumatic subluxation of the cervical spine." (***Id.*** at p. 149). If these pre-existing musculoskeletal conditions have continued the degenerative process, then the pathology for this injury would be unrelated to the motor vehicle accident at issue.

A neurosurgeon is the appropriate specialty to evaluate the nervous system component of the injury, but since Plaintiff's injuries relate to <u>both</u> nervous and musculoskeletal, and include musculoskeletal degenerative changes which would not be related to the accident at issue, an analysis of both components of the injury is required. Defendants cannot dictate with whom Plaintiff chooses to treat, but the fact that Plaintiff has chosen to treat with one specialty, when another equally applicable specialty may be appropriate should not limit the inquiries which can be made of Plaintiff's medical conditions.

Plaintiff's citation to Michigan's No-Fault Act, which controls IMEs in a No-Fault claim is inapposite and inapplicable here. (**Dkt. 100**, Pg ID 3113). The

goal of MCL 500.3151 is the determination of whether care rendered by a particular physician is appropriate. Therefore, it only makes sense that the same specialist conduct the IME, because much like standard of care testimony in a medical malpractice suit, the question to be answered is whether the care is reasonable, reasonably necessary, and incurred. *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n.*, 257 Mich. App. 365, 376; 670 N.W.2d 569 (2003). However, the appropriateness of the care rendered is not at issue here. We are not trying to determine whether the neurosurgeon's billing is compensable under the No-Fault Act. Rather, we are attempting to determine the nature and extent of the claimed injuries, and whether the injuries Plaintiff claims are causally related to the motor vehicle accident at issue, or due to a pre-existing degenerative condition.

Causation is composed of two parts:

> Proof of causation requires both cause in fact and proximate cause. *Haliw v Sterling Hts*, 464 Mich 297, 310, 627 NW2d 581 (2001). Cause in fact requires that the harmful result would not have come about but for the negligent conduct. *Id*. Cause in fact may be established by circumstantial evidence, but such proof must be subject to reasonable inferences, not mere speculation. *Skinner v Square D Co*, 445 Mich 153, 163-164, 516 NW2d 475 (1994); *Meek v Dep't of Transportation*, 240 Mich App 105, 119, 610 NW2d 250 (2000). An explanation that is consistent with known facts but not deducible from them is impermissible conjecture. *Skinner*, *supra* at 164, 516

> NW2d 475; *Karbel v Comerica Bank*, 247 Mich App 90, 98, 635 NW2d 69 (2001). <u>Proximate cause is that which, in a natural and continuous sequence, unbroken by new and independent causes, produces the injury.</u> *McMillian v Vliet*, 422 Mich 570, 576, 374 NW2d 679 (1985).

*Wiley v. Henry Ford Cottage Hosp.*, 257 Mich. App. 488, 496-97; 668 N.W.2d 402 (2003) (emphasis added). It is not enough to show a defendant may have caused the injury, as mere possibility or plausibility will not suffice. *Craig v. Oakwood Hosp.*, 471 Mich. 67, 87; 684 N.W.2d 296 (2004).

> Rather, a plaintiff establishes that the defendant's conduct was a cause in fact of his injuries only if he "set[s] forth specific facts that would support a reasonable inference of a logical sequence of cause and effect." A valid theory of causation, therefore, must be based on facts in evidence. And while "'[t]he evidence need not negate all other possible causes,'" this Court has consistently required that the evidence "'exclude other reasonable hypotheses with a fair amount of certainty.'"

*Id*. at 87-88 (quoting *Skinner v. Square D Co.*, 445 Mich. 153, 174; 516 N.W.2d 475 (1994). "'A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.'" *Badalamenti v. William Beaumont Hospital-Troy*, 237 Mich. App. 278, 286; 602 N.W.2d 854 (1999) (quoting *Skinner*, 445 Mich. at 165). The critical difference between impermissible conjecture and permissible inference

"is that 'if [the] evidence lends equal support to inconsistent conclusions or is equally consistent with contradictory hypotheses, negligence is not established.'" *Karbel v. Comerica Bank*, 247 Mich. App. 90, 98; 635 N.W.2d 69 (2001) (quoting *Skinner*, 445 Mich. at 166). Indeed, the Court of Appeals has stated:

> testimony that only establishes a correlation between conduct and injury is not sufficient to establish cause in fact because "[i]t is axiomatic in logic and in science that correlation is not causation." [*Craig*, 471 Mich at 93]. Therefore, a plaintiff cannot establish causation if the connection made between the defendant's negligent conduct and the plaintiff's injuries is speculative or merely possible. *Id*.

*Teal v. Prasad*, 283 Mich. App. 384, 392; 772 N.W.2d 57 (2009).

Statutory text from the No-Fault Act is inappropriate because the No-Fault Act uses an entirely different standard than proximate cause. An injury arises out of the use of a motor vehicle as a motor vehicle for purposes of the No-Fault Act "where the causal connection between the injury and the use of the motor vehicle was more than incidental, fortuitous, or 'but for.'" *Puttkamer v. TransAmerica Ins. Corp. of America*, 454 Mich. 626, 634; 563 N.W.2d 683 (1997) The causation need not rise to the level of "proximate cause," a familiar term in negligence law. *Kochoian v. Allstate Ins. Co.*, 168 Mich. App. 1, 8; 423 N.W.2d 913 (1988). Because the standard is different, applying a limitation

from that different standard to the proximate cause inquiry is incorrect.

*III. The Requested Limitation by Plaintiff Misses the Mark.*

Plaintiff would have the examination, itself, "limited to an examination of Plaintiff's spine, only." (**Dkt. 100**, Pg ID 3117). Plaintiff confuses the examination with the opinions to be rendered. The opinions which Dr. Jacobson will render will be within his area of expertise – orthopedic spinal surgery. However, because of the interconnectedness of the various parts of the body, limiting the examination, itself to the spine would be inappropriate. Radiating symptoms occurs, and any examination must be permitted to investigate whether the finding is spinal in nature, or radiating from a different area of the body.

**CONCLUSION**

For all these reasons, and for those in the original motion/brief, Defendants, FJ CARRIER LOGISTICS, LLC, and MARCO POLO PASTRANA-JIMENEZ respectfully request that this Honorable Court GRANT their Motion to

Compel Plaintiff's Appearance at Independent Medical Examinations with Mark Jacobson, MD. pursuant to Fed. R. Civ. P. 35.

Respectfully submitted,

By: /S/ DAVID A. KOWALSKI
DAVID A. KOWALSKI (P71179)
DICKIE, MCCAMEY & CHILCOTE, PC
Attorney for Def FJ and Pastrana-Jimenez
dkowalski@dmclaw.com

Dated: September 14, 2026

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by USDC Eastern District of MI E-Filing on September 14, 2026.

By: */s/Beth Pellegrini*
BETH PELLEGRINI

36621983.1