Exhibit 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

JAMES MCDONALD,

Plaintiff,

vs.

FJ CARRIER LOGISTICS LLC, a foreign corporation, DIESEL GLOBAL LOGISTICS, INC., a foreign corporation, and MARCO POLO PASTRANA-JIMENEZ,

Defendants.

CASE NO. 2:24-cv-10049

HON. BRANDY R. MCMILLION
Mag. Judge Curtis Ivy, Jr.

---

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (80963)
MICHIGAN AUTO LAW, P.C.
*Attorneys for Plaintiff*
30101 Northwestern Hwy.
Farmington Hills, MI 48334
T: 248.353.7575 | F: 248.254.8081
Email: kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com
assistant: esimon@michiganautolaw.com

KEVIN J. PLAGENS (P55992)
KOPKA PINKUS DOLIN PC
*Attorneys for Defendant DGL*
32605 W. Twelve Mile Road, Suite 300
Farmington Hills, MI 48334
T: 248.324.2620 | F: 248.324.2610
Email: KJPlagens@kopkalaw.com
assistant: kdramsay@kopkalaw.com

VALERI HENNING MOCK (P55572)
JEFFERYS. SPRYS (P68261)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Attorneys for FJ Carrier and Marco Polo Pastrana-Jimenez
17197 N Laurel Park Drive, Suite 201
Livonia, MI 48152
T: 313.327.3100 | F: 313.327.3101
Email: valerie.mock@wilsonelser.com
jeffery.sprys@wilsonelser.com

---

**DEFENDANT DIESEL GLOBAL LOGISTICS INC.'S ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant, DIESEL GLOBAL LOGISTICS INC., by and through its attorneys Kevin J. Plagens and Kopka Pinkus Dolin PC, and for its Answers to Plaintiff's First Set of Requests for Production, states as follows:

**REQUESTS FOR PRODUCTION**

1. Produce full and complete copies of any and all files you maintain relative to FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, see attached.**

2. Produce all bills of lading and/or invoices pertaining to the load, DGL741520.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, see attached.**

3. Produce all scale tickets pertaining to the load, DGL741520.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, Defendant does not have scale tickets.**

4. Produce all border documentation pertaining to the load, DGL741520.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection Defendant does not have border documentation.**

5. Produce any and all documentation whatsoever, including but not limited to emails, text messages, instant messages, or any other correspondence, pertaining to the load, DGL741520.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. Moreover, it requests information that is protected under the attorney client privilege and/or the work product doctrine. However, for the purpose of this discovery only and without waiving said objection, see attached correspondence.**

6. Produce a full and complete copy of the master shipping agreement, or any other shipping agreement or contract, memorandum of understanding (MOU), letter of intent (LOI), or any similar agreement, between you and the shipper, or the intended receiver, which touches upon, or pertains in any way, to the load, DGL741520.

**ANSWER: Objection as to form. Defendant further objects to this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, no documents exist responsive to this request.**

7. A copy of any documents or materials indicating your acceptable minimum qualifications of commercial motor carriers before they can accept loads using your platform, or otherwise accept loads brokered by you.

**ANSWER: Objection as to form. Defendant further objects to this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, see attached.**

8. A copy of all photographs depicting any of the vehicles involved in the accident made the basis of this lawsuit which are in your possession.

**ANSWER: Objection as to form. Defendant further objects to this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, Defendant does not have any photographs of any of the vehicles involved in the accident. Defendant did not own the tractor/trailer or any equipment involved in the accident. Further, Defendant Marco Polo Pastrana-Jimenez was not an employee of Diesel Global Logistics, LLC.**

9. A copy of any drawing, map, sketch, photograph, and/or video of any nature of the scene of the collision in your possession.

**ANSWER: Objection as to form. Defendant further objects to this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, Defendant does not have any photographs of any of the vehicles involved in the accident. Defendant did not own the tractor/trailer or any equipment involved in the accident. Further, Defendant Marco Polo Pastrana-Jimenez was not an employee of Diesel Global Logistics, LLC. See attached traffic crash report.**

10. A copy of any and all written agreements between you and FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ, which have ever been in effect at any time.

**ANSWER: Objection as to form. Defendant further objects to this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, see attached Freight Forwarder/Motor Carrier Agreement with FJ Carrier Logistics LLC. Defendant does not have contact with Marco Polo Pastrana-Jimenez as he is not an employee of Diesel Global Logistics, LLC.**

11. Produce copies of all bills of lading and/or invoices for all shipments and/or loads hauled by FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ which were arranged or otherwise obtained through DIESEL GLOBAL LOGISTICS, INC.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, see attached bills of lading and invoice.**

12. A copy of any application, registration documents, or any other "onboarding" paperwork or documents in your possession pertaining to FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ. This specifically includes copy of any and all documents obtained or received by you as part of any investigation into the qualification and safety evaluation of FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, see attached initial packet of documents relating to FJ Carrier Logistics LLC. Defendant does not have contact with Marco Polo Pastrana-Jimenez as he is not an employee of Diesel Global Logistics, LLC. No other documents exist.**

13. A copy of any and all written communications between you and FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ, from any time up to and including on August 29, 2023.

**ANSWER: Objection as to form. Defendant further objects to this request as vague, overbroad, and unduly burdensome. Moreover, the information sought is irrelevant or substantially prejudicial and not designed to lead to the discovery of admissible evidence.**

14. A copy of any ledger, log, or record indicating payments made by you to FJ CARRIER LOGISTICS LLC in the last three years for commercial transportation services rendered by FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ.

**ANSWER: Objection as to form. Defendant further objects to this request as vague, overbroad, and unduly burdensome. Moreover, the information sought is irrelevant or substantially prejudicial and not designed to lead to the discovery of admissible evidence.**

15. A copy of any ledger, log, or record indicating payments made by any other entity ***other than*** you, to FJ CARRIER LOGISTICS LLC in the last three years for commercial

transportation services rendered by FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ for loads which were arranged by you.

**ANSWER: Objection as to form. Defendant further objects to this request as vague, overbroad, and unduly burdensome. Moreover, the information requested is irrelevant or substantially prejudicial. Defendant does not maintain ledgers, logs, or records indicating payments made by any other entity to FJ Carrier Logistics LLC. Defendant does not have contact with Marco Polo Pastrana-Jimenez as he is not an employee of Diesel Global Logistics, LLC.**

16. A copy of any file in your possession relating to the tractor and/or trailer being operated by MARCO POLO PASTRANA-JIMENEZ that was involved in the collision in question.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, Defendant did not own the tractor/trailer or any equipment involved in the accident. Defendant does not have contact with Marco Polo Pastrana-Jimenez as he is not an employee of Diesel Global Logistics, LLC. No documents exist that are responsive to this request.**

17. A copy of any documents relating to safety, and any and all documentation of any safety training received by FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ, which was provided by you.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, FJ Carrier Logistics did not provide Defendant with any documentation relating to safety. Defendant does not have contact with Marco Polo Pastrana-Jimenez as he is not an employee as he is not an employee of Diesel Global Logistics, LLC.**

18. Any and all GPS data, or other location or telematics information in your possession relating to FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ for the fourteen days up to and including August 29, 2023.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, Defendant did not own the tractor/trailer or any equipment involved in the accident. Defendant does not have contact with Marco Polo Pastrana-Jimenez as he is not an employee of Diesel Global Logistics, LLC. No documents exist that are responsive to this request.**

19. A copy of any and all communications between you and the shipper, or the intended receiver of the load, DGL741520, pertaining to said load, in the fourteen days leading up to and including August 29, 2023.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, Defendant communicated with the shipper over the phone. No documents exist.**

20. To the extent not already produced, produce a copy of any dispatch logs, records, manifests, or documents kept by you concerning FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ for the past three years.

**ANSWER: Objection as to form. Defendant further objections as this request as vague, overbroad, and unduly burdensome. Moreover, the information requested is irrelevant or substantially prejudicial. However, for the purpose of this discovery only and without waiving said objection, Defendant is compiling the requested documents and will supplement this response upon receipt.**

21. A copy of any and all routing instructions for the load, DGL741520, whether from the shipper, receiver, or DIESEL GLOBAL LOGISTICS, INC., which are in your possession.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, Diesel Global Logistics, Inc. does not advise FJ Carrier Logistics LLC or any company with routing instructions.**

22. A copy of any written accident reports, recorded statements, or any memorialization of any verbal reports, related to the load DGL741520, and/or the subjection collision.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, see attached traffic crash report.**

23. Other than communications with your attorneys, produce a copy of any correspondence, emails, text messages, instant messages, notes, records, reports, or other documents regarding the collision in question, whether written or electronic.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, see attached.**

24. A copy of any documents, employee manuals, safety manuals, or any other literature whatsoever, provided to FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ by you.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, Diesel**

**Global Logistics, Inc. does not provide documents, employee manuals, safety manuals, or any other literature to FJ Carrier Logistics LLC to provide to its employees.**

25. A copy of any company handbook, policy manual, or other guidelines concerning the transportation of loads, retention of commercial motor carriers as authorized carrier partners, the qualification of commercial motor carriers and/or commercial drivers, and the brokerage of shipments.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, Defendant is compiling the requested documents and will supplement this response upon receipt.**

26. A full and complete copy of any and all liability insurance policies, including umbrella or excess policies, which were in effect covering DIESEL GLOBAL LOGISTICS, INC. on the date of the collision, August 29, 2023.

**ANSWER: Objection as to form. Defendant further objects to this request as vague, overbroad, and unduly burdensome. References to insurance are irrelevant and/or substantially prejudicial and is not admissible at the time of trial. However, for the purpose of discovery only and without waiving said objection, Defense counsel previously advised Plaintiff's counsel that Brian Wilbur of Century Surety Company informed Diesel Global Logistics, Inc., that there is no coverage for this incident. See attached excess policy information.**

27. A copy of any and all materials received by you from any person you intend to call as an expert witness at trial, or from the co-defendants, or any other person who went to the scene of subject collision on your behalf, or on behalf of FJ CARRIER LOGISTICS LLC and/or MARCO POLO PASTRANA-JIMENEZ.

**ANSWER: Objection to this request as vague, overbroad, and ambiguous. However, for the purpose of this discovery only and without waiving said objection Defendant is not in possession of the requested documentation as it has not determined whether it will call an expert to testify at trial in this matter, but when it does so determine, it will supplement this response in compliance with any applicable scheduling order.**

28. A copy of any witness statements in your possession that relate to or bear on the issues involved in this case.

**ANSWER: Objection as this request as vague, overbroad, and unduly burdensome. However, for the purpose of this discovery only and without waiving said objection, Defendant is not in possession of any witness statements.**

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

*/s/ Kevin J. Plagens*

By: ___________________________________

KEVIN J. PLAGENS (P55992)
Attorneys for Defendant DGL
32605 W. Twelve Mile Road, Suite 300
Farmington Hills, MI 48334
T: 248.324.2620

Dated: February 18, 2025

**CERTIFICATE OF SERVICE**

State of Michigan )
) ss.
County of Oakland )

I, Kimberly Ramsay, am an employee of Kopka Pinkus Dolin PC, and I certify that on February 18, 2025, I served the following documents:

**DEFENDANT DIESEL GLOBAL LOGISTICS INC.'S ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

together with this ***Certificate of Service*** upon the attorneys of record ***via email*** at their respective email address(es) as disclosed by the pleadings herein.

***/s/ Kimberly Ramsay***

_____________________________
Kimberly Ramsay
*for Kopka Pinkus Dolin PC*