UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF MICHIGAN
SOUTHERN DIVISION

JAMES MCDONALD,

Plaintiff,

v

FJ CARRIER LOGISTICS LLC, MARCO POLO PASTRANA-JIMENEZ, and DIESEL GLOBAL LOGISTICS, INC.,

Defendants.

Case No. 2:24-cv-10049
Hon. Brandy R. McMillion
Mag. Curtis Ivy, Jr.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY BRIEF**

NOW COME Defendants FJ Carrier Logistics, LLC ("FJ Carrier") and Marco Polo Pastrana-Jiminez ("Mr. Pastrana-Jiminez"), by and through their attorneys, DICKIE, McCAMEY, & CHILCOTE, P.C., and for their Response to Plaintiff's Motion to Strike Defendants' Reply Brief, state:

There are no numbered paragraphs to which a response is required, however, to the extent the single unnumbered paragraph, which appears to be more a prayer for relief requires a response, Defendants deny the paragraph as untrue in the manner and form alleged.

WHEREFORE, for all these reasons, and for those in the accompanying Brief, Defendants request this Honorable Court deny Plaintiff's Motion.

Respectfully submitted,

By: /S/ DAVID A. KOWALSKI

DAVID A. KOWALSKI (P71179)
DICKIE, MCCAMEY & CHILCOTE, PC
Attorney for Def FJ and Pastrana-Jimenez
dkowalski@dmclaw.com

Dated: September 22, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF MICHIGAN
SOUTHERN DIVISION

JAMES MCDONALD,

Plaintiff,

v

FJ CARRIER LOGISTICS LLC, MARCO POLO PASTRANA-JIMENEZ, and DIESEL GLOBAL LOGISTICS, INC.,

Defendants.

Case No. 2:24-cv-10049
Hon. Brandy R. McMillion
Mag. Curtis Ivy, Jr.

---

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY BRIEF**

## CONCISE STATEMENT OF THE ISSUE PRESENTED

I. Should Defendants' Reply to Plaintiff's Response to Defendants' Motion to Compel Plaintiff to Attend an Independent Medical Examination (**Dkt. #100**) be stricken, where no party has been prejudiced and the motion has yet to be considered by the Court?

Plaintiff states: "Yes."

Defendants state: "No."

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 6(b)(1)(B)

E.D. Mich. L.R. 7.1(e)

*C.S. v. McCrumb*, 135 F.4th 1056 (6th Cir. 2025)

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514 (6th Cir. 2006)

## STATEMENT OF FACTS

On 08/15/2026, Defendants filed a Motion to Compel Appearance at Independent Medical Examination ("IME") with Orthopedic Surgeon, Dr. Jacobson. (**Dkt. #91**). Several other motions were filed at the same time. (**Dkt. ##94, 95, 96**). Pursuant to the instruction of the Court, on or about 09/03/2026, Counsel conferred regarding the pending motions, and determined that **Dkt. ##94, 95, 96** would be withdrawn, but that the motion pertaining to the IME would proceed. The other three motions were withdrawn on 09/04/2026 (**Dkt. #101**), but the motion to compel the IME would proceed. During this discussion period, on 08/31/2026, Plaintiff responded to the IME Motion. (**Dkt. #100**). Defendants filed their reply on 09/14/2026. (**Dkt. #102**). Due to the discussions as to which motions would proceed, the reply date was not correctly calendared, and Defendants regret that mis-calendaring.

There remains time to complete the IME, and the timing of the reply brief has not had an effect on the Court's anticipated decision.

## ARGUMENT

The Local Rules provide for two briefing schedules, a standard and an enlarged schedule. E.D. Mich. L.R. 7.1(e)(1), (2). Given the discussions which were occurring, and which resulted in the withdrawal of three of four motions

filed, the enlarged briefing schedule is appropriate. Docket control is a matter of the discretion of this Court. *Anothony v. BTR Automotive Sealing Systems, Inc.*, 339 F.3d 506, 517 (6th Cir. 2003).

> "This Court follows the general principle that 'a district court has broad discretion to manage its docket.'" *Franke v. Norfolk S. Ry. Co.*, No. 21-3848, 2023 WL 3413919, at *3 (6th Cir. May 12, 2023) (citing *ACLU of Ky. v. McCreary County*, 607 F.3d 439, 451 (6th Cir. 2010)). After a deadline expires, we may extend it "for good cause ... if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). This entails an analysis of five factors, including:
>
> > (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.
>
> *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

*C.S. v. McCrumb*, 135 F.4th 1056, 1069 (6th Cir. 2025) (emphasis added).

In this case, there is no danger of prejudice. The delay was slight, just one week. The reason for the delay was a calendaring error which resulted from the Court's instruction to meet and confer about several motions which were filed around the same time (and three of which have since been withdrawn). Defendants admit control over the delay, as it was a calendaring error, but

Defendants have acted in good faith in filing the reply brief. No decision has been made regarding the motion to which the reply was directed. No prejudice will result. There is no indication that the Court was waiting for the reply brief to make a determination on the motion.

The subject of the reply brief is an IME, an examination which is intended to prepare this matter for trial, and to update some rather stale examinations which had been undertaken previously while this matter was pending, as well as to have a person with appropriate background determine the Plaintiff's musculoskeletal back conditions. No delay has been occasioned by the reply brief, and placing more, not less, information before the Court on this matter is in the interest of everyone.

## CONCLUSION

For all these reasons, and for those in the accompanying Brief, Defendants request this Honorable Court deny Plaintiff's Motion.

Respectfully submitted,

By: /S/ DAVID A. KOWALSKI
DAVID A. KOWALSKI (P71179)
DICKIE, MCCAMEY & CHILCOTE, PC
Attorney for Def FJ and Pastrana-Jimenez
dkowalski@dmclaw.com

Dated: September 22, 2026

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by USDC Eastern District of MI E-Filing on September 22, 2026.

By*: /s/Beth Pellegrini*
BETH PELLEGRINI

36724278.1