**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES McDONALD,

Plaintiff,

v.

Case No. 24-cv-10049
Honorable Brandy R. McMillion

FJ CARRIER LOGISTICS LLC,
MARCO POLO PASTRANA-JIMENEZ,
DIESEL GLOBAL LOGISTICS INC.,

Defendants.
___________________________________ /

**ORDER DENYING DEFENDANTS' THIRD MOTION TO COMPEL PLAINTIFF'S APPEARANCE AT INDEPENDENT MEDICAL EXAM (ECF NO. 91)**

This is a personal injury action, brought by Plaintiff James McDonald ("McDonald") against Defendants FJ Carrier Logistics LLC, Marco Polo Pastrana-Jimenez and Diesel Global Logistics Inc. (collectively, "Defendants") for injuries sustained in a motorcycle/truck accident which occurred on August 29, 2023. *See generally* ECF No. 31. Before the Court is Defendants' Third Motion to Compel Plaintiff's Appearance at Independent Medical Examination ("IME"). *See* ECF No. 91. This time Defendants seek to have Plaintiff examined by Mark Jacobson, MD,

an orthopedic surgeon specializing in the spine, to evaluate Plaintiff's alleged back injury. *Id.* at PageID.2135. The motion has been fully briefed.[1]

A review of the briefing and record reveal that Plaintiff was evaluated by orthopedic surgeon Mark Kwartowitz, DO on August 14, 2024, and neurosurgeon Todd Francis, MD on April 16, 2025. *Id.* Defendants argue that Dr. Kwartowitz specializes in extremities as opposed to back injuries, and Dr. Francis, as a neurosurgeon, focuses on nervous system not the musculoskeletal system. *Id.* at PageID.2135-2136. They therefore say that a separate orthopedic examination of Plaintiff's back is necessary "to give a more complete picture of the alleged injury." *Id.* at PageID.2144. The Court disagrees.

As stated by Plaintiff, all of the examiners who have evaluated Plaintiff have concluded that his injuries were caused by the August 2023 accident. ECF No. 100, PageID.3115. Defendants have admitted as much, focusing primarily on the issue of damages as opposed to liability. And while the Court agrees that an IME could shed light on damage calculations, the Court is not convinced that Defendants have shown good cause to have Plaintiff sit for yet another IME. *See Schlagenhauf v.*

[1] Plaintiff filed a Motion to Strike Defendants' Reply Brief as untimely. ECF No. 103. While Defendants admit the brief was filed beyond the deadline, they assert it was a calendaring error given the other pending motions and meet and confers ordered by the Court. *See* ECF No. 105. The Court has the discretion to accept an untimely filing and chooses to do so here, as it would present no prejudice to Plaintiff. *See Collias v. Rd. Comm'n for Oakland Cnty.*, No. 09-CV-12483, 2010 WL 5295233, at *1, fn1 (E.D. Mich. Dec. 20, 2010). Consequently, Plaintiff's Motion to Strike (ECF No. 103) is **DENIED**.

*Holder*, 379 U.S. 104 (1964) (the moving party bears the burden to show good cause to compel an IME). The current medical evaluation by Dr. Francis includes an opinion on Plaintiff's spinal injuries:

> "Aside from a cervical and lumbar myofascial strain, I do not feel that Mr. McDonald sustained any other spinal injuries in this motor vehicle accident, fortunately."

ECF No. 100-3, PageID.3144. His report goes on to state:

> As far as his cervical spine is concerned, 3 months would have been a reasonable time for him to improve; it should be August 29, 2023, to November 29, 2023. Any care rendered to him after this time period with regard to his spine are not related to his motor vehicle accident in question. He would have been considered at maximum medical improvement and pre-accident status at that time. At no time would he have required any injections for his neck or low back, any surgeries, or any further treatment for this injury, aside from physical therapy and medications. Chiropractic manipulation may have been indicated as well, although he chose not to pursue this.
>
> . . .
>
> In summary, Mr. McDonald sustained a cervical and lumbar myofascial strain in this motor accident…

*Id.* at PageID.3145.

Based on the above, the Court finds that Defendants have sought a medical opinion relating to Plaintiff's alleged back injury. Allowing another IME of Plaintiff would do nothing more than allow them to search for a more favorable opinion or confuse the jury, neither of which is the goal of Fed. R. Civ. P. 35; and would be improper.

Defendants argue that Dr. Francis's report is dated and therefore they should be entitled to an additional IME. ECF No. 91, PageID.2144. However, that alone is not a reason to compel Plaintiff to sit for yet another medical examination. Moreover, here the opinion already offered on Plaintiff's spinal injuries states that as of November 29, 2023, he should have been considered "at maximum medical improvement and pre-accident status at that time." ECF No. 100-3, PageID.3145.

That Dr. Francis is a neurosurgeon focusing on neurologic versus musculoskeletal functions is also not persuasive. Defendants do not argue that Plaintiff alleges distinct musculoskeletal back injuries, they simply say that his back injuries *could* encompass both neurologic and musculoskeletal components. ECF No. 91, PageID.2144. However, as Plaintiff points out, he was treated with a board-certified neurosurgeon for his spine surgeries, not an orthopedic surgeon. ECF No. 100, PageID.3106. Therefore, a neurosurgeon would be in the best position to opine on his spinal injuries and that IME has already occurred. Nothing in this Opinion should be read to limit or prevent Defendants from seeking the expert opinion of an orthopedic surgeon if they choose; however, such an opinion would have to come from a review of Plaintiff's medical records, not another medical examination.

The Court finds no good cause to have Plaintiff undergo another IME. Accordingly, Defendants' Third Motion to Compel Plaintiff's Appearance at Independent Medical Examination (ECF No. 91) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 6, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge