Exhibit 13

2014 WL 4656639
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

UNPUBLISHED
Court of Appeals of Michigan.

Theresa MODZELEWSKI–SHEKOSKI, Personal Representative of the Estate of Michael Raymond Shekoski, Plaintiff–Appellee,
v.
Michael Garrett BINDIG and Allied Excavation, Inc., Defendants–Appellants.

Docket No. 314830.
|
Sept. 18, 2014.

Macomb Circuit Court; LC No.2010–001959–NI.

Before: OWENS, P.J., and JANSEN and O' CONNELL, JJ.

**Opinion**

PER CURIAM.

***1** Defendants appeal by right the trial court's order entering judgment in favor of plaintiff after a jury found defendants liable for negligence that contributed to the death of plaintiff's decedent. We affirm.

Plaintiff's decedent, Michael Shekoski, died after being struck by a truck owned by defendant Allied and driven by defendant Michael Bindig, Allied's employee. Bindig's vehicle struck Shekoski, who was on a bicycle, while Bindig was making a right turn onto southbound Van Dyke Road from eastbound 22 Mile Road against a red light. Shekoski died from his injuries. Plaintiff filed a complaint setting forth (1) a claim of negligence against Michael Bindig, (2) a claim against Allied under the owner's liability statute, MCL 257.37, and (3) a claim of vicarious liability against Allied. Plaintiff later amended the complaint to add a claim of negligent entrustment/supervision against Allied. The jury apportioned 20 percent of the negligence to Allied, 50 percent to Bindig, and 30 percent to the decedent. The jury further determined that Shekoski's damages for conscious pain and suffering amounted to $2 million, and that plaintiff was entitled to $550,000 for loss of society and companionship.

Defendants first argue that the trial court erred by granting plaintiff leave to file an amended complaint adding a claim of negligent entrustment/supervision. We disagree. We will not reverse a trial court's decision on a motion to amend the complaint absent an abuse of discretion that results in injustice. *Casey v. Auto Owners Ins Co,* 273 Mich.App 388, 400–401; 729 NW2d 277 (2006). We review de novo questions of law. *Citizens State Bank v. Nakash,* 287 Mich.App 289, 292; 788 NW2d 839 (2010). Leave to amend a complaint shall be freely given when justice so requires. MCR 2.118(A)(2).

Defendants argue that a plaintiff should not be permitted to pursue a claim of negligent entrustment/supervision when vicarious liability is admitted and the claim of negligent entrustment/supervision cannot expand the scope or amount of an employer's liability. Defendants contend that plaintiff's only purpose for pursuing the additional claim was to introduce evidence of Michael Bindig's driving record, which was otherwise inadmissible. In *Perin v. Peuler (On Rehearing),* 373 Mich. 531, 538; 130 NW2d 4 (1964), overruled in part on other grounds by *McDougall v. Schanz,* 461 Mich. 15 (1999), our Supreme Court concluded that it was proper for a plaintiff to allege both a claim based on the owner's liability statute and a claim of negligent entrustment. The rule of stare decisis requires us to follow the decisions of our Supreme Court. *Tenneco, Inc v. Amerisure Mut Ins Co,* 281 Mich.App 429, 447; 761 NW2d 846 (2008). Therefore, we find no error in the trial court's decision to grant plaintiff leave to amend the complaint to add a claim of negligent entrustment/supervision. *Perin,* 373 Mich. at 538.

Defendants next argue that the trial court erred by allowing plaintiff's counsel to repeatedly refer to the Secretary of State's commercial driver's license (CDL) manual and the JJ Keller safety manual during opening statements and during the questioning of Michael Bindig and Keith Murrell, Allied's

owner. Defendants contend that these repeated references violated MRE 707 and that statements from the manual should not have been admitted as evidence of the standard of care. We review for an abuse of discretion the trial court's decision to admit or exclude evidence. *Hilgendorf v. St John Hosp & Med Center Corp,* 245 Mich.App 670, 700; 630 NW2d 356 (2001). To the extent the evidentiary decision requires the court to interpret a rule of evidence, that portion of the decision is reviewed de novo. *Id.*

***2** Defendants first argue that the statements from the CDL manual and JJ Keller safety manual were inadmissible under MRE 707. MRE 707, which governs the use of learned treatises for impeachment, provides:

> To the extent called to the attention of an expert witness upon cross-examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice, are admissible for impeachment purposes only. If admitted, the statements may be read into evidence but may not be received as exhibits.

By its plain terms, MRE 707 is applicable only when statements from a learned treatise are "called to the attention of an expert witness upon cross-examination." Here, defendants objected to counsel's reference to the CDL manual while questioning Michael Bindig and Keith Murrell, who were not expert witnesses. Defendants cite no published legal authority applying MRE 707 to a case in which safety manuals were referenced during the questioning of a lay witness.[1] Indeed, while MRE 707 forbids the use of learned treatises during the direct-examination of expert witnesses, it does not forbid the use of learned treatises "at other stages of a trial or for other reasons." *Hilgendorf,* 245 Mich.App at 702. As defendants have failed to show that the statements were admitted pursuant to MRE 707, this Court cannot conclude that defendants are entitled to reversal on the ground that the trial court erred by admitting the statements under MRE 707.

Insofar as defendants argue that plaintiff's attorney improperly referred to the manuals during opening statements, defendants have not supported their argument with published legal authority. This Court will not search for authority to sustain a party's position. *Patterson v. Allegan Co Sherif,* 199 Mich.App 638, 640; 502 NW2d 368 (1993). Furthermore, defendants have not shown that plaintiff's references to the safety manuals during opening statements were made in bad faith, *In re Ellis Estate,* 143 Mich.App 456, 461; 372 NW2d 592 (1985), or that the references constituted prejudicial error requiring reversal, *Sponenburgh v. Wayne Co,* 106 Mich.App 628, 644–646; 308 NW2d 589 (1981).

Defendants further argue that statements from the CDL manual and the JJ Keller safety manual were inadmissible regarding the standard of care. Again, however, defendants have cited no published legal authority, other than MRE 707, to support their argument. A party may not "give issues cursory treatment with little or no citation of supporting authority." *Houghton v. Keller,* 256 Mich.App 336, 339; 662 NW2d 854 (2003). And as explained previously, although MRE 707 forbids the use of learned treatises during the direct-examination of an expert witness, it does not foreclose the use of learned treatises "at other stages of a trial or for other reasons." *Hilgendorf,* 245 Mich.App at 702. Defendants have not demonstrated error requiring reversal with respect to this issue.

Affirmed. As the prevailing party, plaintiff may tax costs pursuant to MCR 7.219.

**All Citations**

Not Reported in N.W.2d, 2014 WL 4656639

Footnotes

1 Defendants do not argue on appeal that the statements from the safety manuals were inadmissible because they were not introduced while an expert was on the stand.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.