Exhibit 14

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

KEITH YOUMAN,

Plaintiff,

Case No: 24-009712-NI
Hon. Leslie Kim Smith

vs.

ROAD PRINCE, LLC, a Michigan Limited Liability Company, and OMAR ABDULAZIZ FADHEL, Jointly and Severally,

Defendants.

_________________________________/

KEVIN H. SEIFERHELD (P58016)
JORDAN M. JONES (P77866)
ALEXANDER P. KEMP (P80963)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI 48334
(248) 353-7575
(248) 254-8081 fax
kseiferheld@michiganautolaw.com
jjones@michiganautolaw.com
akemp@michiganautolaw.com
esimon@michiganautolaw.com – assistant

TIMOTHY S. GROUSTRA (P48966)
JASON R. CHURCH (P71978)
DICKIE, MCCAMEY & CHILCOTE, PC
Attorneys for Defendants
120 Kercheval Avenue, Suite 200
Grosse Pointe Farms, MI 48236
(313) 308-2034
(888) 811-7144 fax
tgroustra@dmclaw.com
jchurch@dmclaw.com

_________________________________/

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY DISPOSITION AS TO PLAINTIFF'S ALLEGATIONS OF NEGLIGENT HIRING, RETENTION, SUPERVISION AND ENTRUSTMENT PURSUANT TO MCR 2.116(C)(8)**

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

At a Session of said Court, held in the City of Detroit,
County of Wayne, and State of Michigan,

On 4/24/2025
Hon. Leslie Kim Smith

**THIS MATTER** having come before the Court on March 17, 2025 and April 23, 2025, on Defendants' Motion for Partial Summary Disposition as to Plaintiff's Allegations of Negligent Hiring, Retention, Supervision and Entrustment Pursuant to MCR 2.116(C)(8), the matter having been briefed, oral argument having occurred, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Disposition as to Plaintiff's Allegations of Negligent Hiring, Retention, Supervision and Entrustment Pursuant to MCR 2.116(C)(8) is DENIED for the reasons stated on the record.

**IT IS FURTHER ORDERED** that Defendants' alternative relief request for bifurcation of trial is DENIED without prejudice.

**IT IS SO ORDERED.**

***This is not a final order and does NOT close the case.***

THIRD JUDICIAL CIRCUIT MICHIGAN TUEBOR

/s/ Leslie Kim Smith
April 24, 2025

HON. LESLIE KIM SMITH
CIRCUIT COURT JUDGE

Dated: 4/24/2025

21-014165-NI FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 6/30/2023 12:56 PM Ismael Hamed

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

RAYMOND WILLIAMS,

Plaintiff,

v

VOYAGER EXPRESS, INC., a Michigan corporation, FMG TRANSPORT, INC., a Michigan corporation, and FRANCISC HOMPOTH,

Defendants.

Civil Case No. 21-014165-NI
Hon. Leslie Kim Smith

---

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI 48334
(248) 353-7575 / Fax (248) 254-8081
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com

TIMOTHY S. GROUSTRA (P48966)
RYAN M. DEMPSEY (P69116)
JASON R. CHURCH (P71978)
DICKIE, MCCAMEY & CHILCOTE, PC
Attorneys for Defendants
89 Kercheval Avenue, Suite 200
Grosse Pointe Farms, MI 48236
(313) 308-2034 / Fax (888) 811-7411
tgroustra@dmclaw.com
rdempsey@dmclaw.com

---

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY DISPOSITION AS TO PLAINTIFF'S ALLEGATIONS OF NEGLIGENT HIRING, TRAINING, ENTRUSTMENT AND SUPERVISION PURSUANT TO MCR 2.116(C)(8) AND (10)**

At a session of said Court, held in the City of Detroit,
County of Wayne, State of Michigan,
on 6/30/2023

Present: Hon. Leslie Kim Smith
Circuit Court Judge

This matter having come before the Court at a hearing on May 2, 2023 and June 29, 2023 on Defendants' Motion for Partial Summary Disposition as to Plaintiff's Allegations of Negligent Hiring, Training, Entrustment, and Supervision Pursuant to MCR 2.116(C)(8) and

(10), oral argument having been heard, and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Disposition as to Plaintiff's Allegations of Negligent Hiring, Training, Entrustment, and Supervision Pursuant to MCR 2.116(C)(8) and (10) is DENIED, including the alternate relief request for bifurcation, for the reasons stated on the record.

This is ***not*** a final order.

/s/ Leslie Kim Smith

CIRCUIT COURT JUDGE

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF HURON**

TAMI McCLYMONT,

Plaintiff,

vs.

Case No: 20-105708-NI
Hon. Gerald M. Prill

SELECT LEASING INC, d/b/a
COUNTRYSIDE TRANSPORTATION SERVICE,
a Michigan Corporation, and
LESLIE RAY SWARTZENDRUBER,

Defendants.

A TRUE COPY
CIRCUIT COURT
HURON COUNTY, MICHIGAN
52nd Judicial Circuit
LORI NEAL WONSOWICZ
COUNTY CLERK
DATED 10-1-21
BAD AXE, MICHIGAN 48413

_______________________________________/

KEVIN H. SEIFERHELD (P58106)
ALEXANDER P. KEMP (P80963)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI 48334
(248) 353-7575
(248) 254-8081 fax
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com

TIMOTHY S. GROUSTRA (P48966)
JOHN C. CARDELLO (P58082)
HANI AZAKIR (P82852)
DICKIE, MCCAMEY & CHILCOTE
Attorneys for Defendants
89 Kercheval Avenue, Suite 200
Grosse Pointe Farms, MI 48236
(313) 308-2034
(888) 811-7411 fax
tgroustra@dmclaw.com
jcardello@dmclaw.com
hazakir@dmclaw.com

_______________________________________/

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY DISPOSITION AS TO PLAINTIFF'S ALLEGATIONS OF NEGLIGENT ENTRUSTMENT**

At a session of said Court,
held in the City of Bad Axe,
County of Huron, State of Michigan,
on 10-1-21

PRESENT: Honorable GERALD M. PRILL
Circuit Court Judge

This matter having come before the Court at a hearing on Defendants' Motion for Partial Summary Disposition as to Plaintiff's Allegations of Negligent Entrustment, oral argument having been heard, and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that Defendants' motion is DENIED for the reasons stated on the record.

**IT IS HEREBY FURTHER ORDERED** that Defendants' request for a bifurcation of trial for the negligent entrustment claim is DENIED for the reasons stated on the record.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's request for expenses and attorney's fees pursuant to MCR 1.109 is DENIED for the reasons stated on the record.

This is ***not*** a final order.

GERALD M. PRILL
CIRCUIT COURT JUDGE
10-1-21

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

DARYL ANN CROSBY,

Plaintiff,

v

~~MAREK TOMECKOWICZ; F & S LOGISTICS;~~ RONALD SKELTON; and JD LOGISTICS TRUCKING, INC;

Defendants.

Case No. 15-65304-NI
Hon. David J. DiStefano

-and-

Consolidated with:

TERRENCE TYLER,

Plaintiff,

v

INDIAN TRAILS, INC; DARYL ANN CROSBY; ~~F & S LOGISTICS; MAREK TOMECZKOWICZ~~; LANCER INSURANCE COMPANY; RONALD SKELTON, and JD LOGISTICS TRUCKING, INC.;

Defendants.

Case No. 15-65308-NI
Hon. David J. DiStefano

**ORDER DENYING DEFENDANTS RONALD SKELTON AND JD LOGISTICS TRUCKING, INC.'S MOTION FOR PARTIAL SUMMARY DISPOSITION AS TO PLAINTIFF'S ALLEGATIONS OF NEGLIGENT ENTRUSTMENT PURSUANT TO MCR 2.116(C)(8) AND (10)**

---

ROBERT J. EHRENBERG (P28556)
CONYBEARE LAW OFFICE, P.C.
Attorney for Plaintiff Crosby
519 Main St.
St. Joseph, MI 49085-1365
(269) 983-0561 / Fax (269) 983-5327
bob@conybearelaw.com

IAN M. FREED (P61695)
GURSTEN KOLTONOW GURSTEN & RAITT
Attorney for Plaintiff Tyler
30101 Northwestern Hwy.
Farmington Hills, MI 48334-6200
(248) 353-7575 / Fax (248) 353-4504
ifreed@michiganautolaw.com

TIMOTHY S. GROUSTRA (P48966)
ADAM C. ZWICKER (P73672)
KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK
Attys for Δs Skelton & JD Logistics
10 S. Main St., Ste. 200
Mt. Clemens, MI 48043-7903
(586) 493-4413 / Fax (586) 463-8994
adam.zwicker@kitch.com

Kitch Drutchas Wagner Valitutti & Sherbrook
(586) 463-9770

PHILIP J. NELSON (P26576)
BREMER & NELSON LLP
Atty for Δs Tomeczkowicz and F&S Logistics
1787 R W Berends Dr. SW
Wyoming, MI 49519-4993
(616) 538-7446 / Fax (616) 538-7830
pnelson@bremernelson.com

TIMOTHY F. SHERIDAN (P52870)
SANDRA J. DENSHAM (P69397)
PLUNKETT COONEY
Attys for Δs Indian Trials, Crosby, &
Lancer Insurance
333 Bridge St. NW, Ste. 530
Grand Rapids, MI 49504-5365
(616) 752-4600 / Fax (616) 752-4607
tsheridan@plunkettcooney.com

---

**ORDER DENYING DEFENDANTS RONALD SKELTON AND JD LOGISTICS TRUCKING, INC.'S MOTION FOR PARTIAL SUMMARY DISPOSITION AS TO PLAINTIFF'S ALLEGATIONS OF NEGLIGENT ENTRUSTMENT PURSUANT TO MCR 2.116(C)(8) AND (10)**

**At a session of said Court held in the City of Paw Paw, County of Van Buren, State of Michigan on**

March 23, 2017.

**PRESENT: Hon. David J. DiStefano**
**CIRCUIT COURT JUDGE**

This matter having come before the Court on Defendants Skelton and JD Logistics' Motion For Partial Summary Disposition as to Plaintiff's Allegations of Negligent Entrustment Pursuant to MCR 2.116(C)(8) and (10), oral argument having been held in open court, and the Court being fully advised in the premise;

**IT IS HEREBY ORDERED** that Defendants Skelton and JD Logistics' Motion For Partial Summary Disposition as to Plaintiff's Allegations of Negligent Entrustment Pursuant to MCR 2.116(C)(8) and (10) is denied for the reasons stated on the record. The issues raised, however, may be appropriate for a motion in limine.

This is **NOT** a final order and does **NOT** dispose of the last pending issue.

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
10 S. MAIN STREET, SUITE 300
MT. CLEMENS, MICHIGAN 48043-7903
(586) 493-9770

3-23-17

**David J. DiStefano**
CIRCUIT COURT JUDGE

TRUE COPY
MAR 23 2017
Van Buren County Clerk



MTC01:496217.1

STATE OF MICHIGAN
CIRCUIT COURT FOR THE COUNTY OF TUSCOLA

CHRISTINA ROBINSON,

Plaintiff,

File No: 14-28376-NI
Hon. Amy Grace Gierhart

v.

M-TRANS, INC. a Michigan Corporation
and ALLEN GLEN KESTER,

Defendants.

TRUE COPY
JODI FETTING

Robert M. Raitt (P47017)
Allison F. Duffy (P72215)
GURSTEN, KOLTONOW,
GURSTEN & RAIT, P.C.
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI 48334
(248) 353-7575
(248) 254-8079 (fax)

Timothy S. Groustra (P48966)
Michael S. Peseski (P73972)
KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK
Attorneys for Defendants
10 S. Main St., Ste. 200
Mt. Clemens, MI 48043-7903
(586) 493-4413
(586) 463-8994 (fax)

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Partial Summary Disposition pursuant to MCR 2.116(C)(8) and (C)(10). For the reasons stated below, Defendant's motion is DENIED.

## I. FACTS AND PROCEDURAL HISTORY

This action arises out of an automobile accident that occurred on June 23, 2013, between Plaintiff's Pontiac Grand Prix and a tractor-trailer driven by Defendant Allen Kester and owned by Defendant M-Trans. Plaintiff's claims include negligence against Mr. Kester and liability under the owner liability statute, negligent entrustment, and vicarious liability against M-Trans. In its motion, Defendant M-Trans concedes that it was the lessee of the motor vehicle driven by Defendant Kester and that it is vicariously liable for the actions of Mr. Kester when driving the vehicle. Defendant M-Trans argues, therefore, that because it concedes vicarious liability, Plaintiff cannot maintain a claim of negligent entrustment against it. Alternatively, M-Trans asks that, if Plaintiff is allowed to pursue both theories of liability against it, the issues of

Defendant Kester's negligence and Defendant M-Trans's negligent entrustment should be decided at separate trials.

## II. STANDARD OF REVIEW

A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the complaint. *Dolan v Continental Airlines/Continental Express*, 454 Mich 373, 380; 563 NW2d 23 (1997). "[A]ll well-pleaded allegations are accepted as true, and construed most favorably to the nonmoving party." *Wade v Dept of Corrections*, 439 Mich 158, 162-63; 483 NW2d 26 (1992). A motion under Rule 2.116(C)(8) may be granted only where the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade, supra* at 163. A mere statement of conclusions, unsupported by factual allegations, is not sufficient to state a cause of action. *ETT Ambulance Service Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994).

MCR 2.116(C)(10) permits summary disposition if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. "In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

## III. ANALYSIS

The owner liability statute, MCL 257.401, allows for the owner of an automobile to be held liable for the negligence of the driver if the vehicle is driven with the owner's "express or implied consent." Defendant concedes that it is vicariously liable for Mr. Kester's alleged negligence under this statute. However, Plaintiff also alleges Defendant is liable under a negligent entrustment theory, which requires that:

> (a) the vehicle was driven with the permission and authority of the owner, (b) the driver was in fact an incompetent driver, (c) the owner knew at the time of the entrustment that the driver was incompetent or unqualified to operate the vehicle or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency, and (d) the entrustment was causally connected with the injury of which the plaintiff complains. [*Chapman v Buder*, 14 Mich App 13, 23; 165 NW2d 436 (1968).]

Though two distinct theories of liability, they both require the same crucial condition: that the driver was actually negligent while operating the vehicle.

According to Defendant, allowing Plaintiff to proceed on both theories would be redundant. If Mr. Kester was in fact negligent in operating the truck and that

negligence resulted in Plaintiff's injury, then, by Defendant's concession, M-Trans will be held liable. A negligent entrustment claim adds nothing to Plaintiff's case; it only allows Plaintiff to admit evidence that would otherwise be inadmissible as prior "bad acts" evidence. Negligent entrustment is only to be used when the defendant cannot be held vicariously liable. Defendant also cites numerous cases from other jurisdictions that find simultaneous claims of vicarious liability and negligent entrustment incompatible for these very reasons.

However, this issue was addressed by the Michigan Supreme Court in *Perin v Peuler (On Rehearing)*, 373 Mich 531, 535; 130 NW2d 4 (1964), in which the Court held that a claim of negligent entrustment is not affected by the owner liability statute. See also *Grand Trunk Western R Co v Pre-Fab Transit Co*, 14 Mich App 26, 29-29; 165 NW2d 281 (1968). Michigan courts have also countenanced the simultaneous pursuit of vicarious liability and negligent supervision claims, *Harts v Farmers Ins Exch*, 461 Mich 1, 3; 597 NW2d 47 (1999), and vicarious liability and negligent hiring claims, *Teadt v Lutheran Church Missiouri Synod*, 237 Mich App 567, 571; 603 NW2d 816 (1999). Therefore, no matter how compelling the reasons for the others jurisdictions' contrary conclusions, this issue has been decided in Michigan and this Court is not going to hold otherwise. Plaintiff may pursue both his owner's liability and negligent entrustment claims. The question, then, is whether to separate those two issues for trial.

MCR 2.505(B) allows for separate trials to avoid prejudice. Defendant argues it would be prejudicial to allow both the vicarious liability and negligent entrustment claims to be presented to the same jury. Normally, prior acts evidence is not admissible to prove a negligence claim, while evidence of prior acts are *required* to prove negligent entrustment. To allow evidence of prior poor driving would unfairly influence the jury, making them more likely to find that Mr. Kester was negligent on the day in question.

Under similar circumstances, the court in *Paratore v Furst*, 15 Mich App 568; 167 NW2d 126 (1969), found that it was an error for a trial court to deny a motion for separate trials under similar circumstances. In *Paratore*, there were two plaintiffs: one who was driving his car and the other was his passenger. *Id.* at 570. The defendants argued that both were contributorily negligent—the driver plaintiff was driving negligently and the passenger plaintiff negligently entrusted himself to a driver he knew was habitually negligent. *Id.* The Court held that the driver's and passenger's claims should be tried separately, because the driver plaintiff should not have evidence of his past driving admitted at trial to determine whether he was negligent on that day. *Id.* at 571.