UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF MICHIGAN
SOUTHERN DIVISION

JAMES MCDONALD,

Plaintiff,

v

FJ CARRIER LOGISTICS LLC, MARCO POLO PASTRANA-JIMENEZ, and DIESEL GLOBAL LOGISTICS, INC.,

Defendants.

Case No. 2:24-cv-10049
Hon. Brandy R. McMillion
Mag. Curtis Ivy, Jr.

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI 48334
(248) 353-7575 / Fax (248) 254-8081

KEVIN J. PLAGENS (P55992)
ANNE N. ROSENBACK (P79351)
QUINTAIROS, PRIETO, WOOD & BOYER
Attorneys for Defendant Diesel Global
32605 W. 12 Mile Road, Suite 300
Farmington Hills, MI 48334
(248) 783-6780/ Fax (248) 783-6781

TIMOTHY S. GROUSTRA (P48966)
DAVID A. KOWALSKI (P71179)
DICKIE, MCCAMEY & CHILCOTE, PC
Attorneys for Defendants Marco Pastrana-Jimenez/FJ Carrier Logistics
120 Kercheval Avenue, Ste. 200
Grosse Pointe Farms, MI 48236
(313) 308-2034 / Fax (888) 811-7144

**REPLY TO RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER RULE 56 AND/OR DISMISSAL OF CERTAIN CLAIMS UNDER RULE 12(C) ON BEHALF OF DEFENDANT FJ CARRIER LOGISTICS**

**ARGUMENT**

**I JUDGMENT SHOULD BE GRANTED AS TO "DIRECT NEGLIGENCE" CLAIMS BECAUSE SUCH CLAIMS ARE UNNECESSARY AND DUPLICATIVE GIVEN THE ADMISSION OF VICARIOUS LIABILITY.**

Plaintiff argues this Court is bound by the "law of the case" doctrine. That is incorrect. A district court's interlocutory orders are subject to revision prior

to final judgment, under Rule 54(b) (stating that an order that does not end the action "may be revised at any time" before entry of a final judgment). The cases plaintiff cites do not hold that the "law of the case" doctrine precludes a district court from revisiting its own rulings. See *Scott v. Churchill,* 377 F.3d 565, 569-70 (6th Cir. 2004) (addressing whether a prior appellate decision binds the district court on remand); *Edmonds v. Smith,* 922 F.3d 737, 739-40 (6th Cir. 2019) (law of the case "does not mark a limit on a court's authority—courts are free to revisit their own rulings before final judgment…"). Although the issue here previously was briefed, this Court did not discuss or decide the effect of admission of vicarious liability on whether a plaintiff can continue to pursue "direct negligence".

### B. Contrary to Plaintiff's Assertion, Michigan Law Does <u>Not</u> Expressly Permit A Plaintiff To Proceed On "Direct Negligence" Claims After Vicarious Liability Is Admitted.

Plaintiff incorrectly asserts that Michigan law "expressly permits" alternative "direct negligence" theories after the defendant admits vicarious liability. No Michigan court has addressed this precise issue in a precedential opinion, but the Michigan Supreme Court has adopted the same principles that have led a majority of other jurisdictions deciding this issue to bar "direct negligence" claims after vicarious liability is admitted.

Plaintiff incorrectly relies on *Elliott v. A.J. Smith Contracting Co.,* 100 N.W.2d 257 (Mich. 1960) and *Perin v. Peuler (On Reh),* 130 N.W.2d 4 (Mich. 1964). *Elliott* says nothing about the issue. The defendant trucking company there argued only that the court improperly instructed the jury it could hold the company liable without finding the driver negligent. The Court reiterated that a finding of driver negligence is essential to the employer/owner's liability no matter what theory, and then held that the instructions in that case adequately informed the jury it had to find driver negligence. *Id.* at 412-13. The company did not argue anything about any admission of vicarious liability, so the Court did not address that issue.

*Perin* also did not address this issue. *Perin* did not involve claims of negligent hiring, supervision, or retention at all, but only "negligent entrustment." The majority opinion in *Perin* held only that "negligent entrustment" claims were not eliminated as a matter of law by the "owner liability" statute, MCL 257.401. While some dissenting Justices suggested that the defendant's admission of vicarious liability in that case should be considered in deciding whether the plaintiff could proceed with "negligent entrustment," the majority did not address or decide that issue. Therefore, *Perin* only stands for the proposition that vicarious liability and "negligent

entrustment" are distinct legal theories. *Perin* does not hold that "negligent entrustment" can proceed after admission of vicarious liability.

Plaintiff also incorrectly relies on the Court of Appeals decision in *Modzelewski-Shekoski v. Bindig,* 2014 Mich. App. LEXIS 1741. First, as an unpublished opinion, *Modzelewski* is not binding on any other court. Mich. Court Rule 7.215(J)(1). While this Court can consider a nonprecedential intermediate appellate court decision as "relevant data" to predict how the Michigan Supreme Court would rule, it need not rely on such a decision. See *PNC Bank, NA v. Goyette Mech. Co.,* 140 F.Supp.3d 623, 628-29 (E.D. Mich. 2015) (rejecting an unpublished Court of Appeals decision with "no explication" in favor of "better reasoned" cases from other jurisdictions). *Modzelewski* provides no persuasive evidence that the Michigan Supreme Court would rule in favor of plaintiff. The decision defers to *Perin*, but provides little discussion and no reasoning. The *Perin* majority did not discuss or decide the effect of admission of vicarious liability on "negligent entrustment."

Plaintiff also incorrectly relies on *Cox v. Bd. of Hosp. Mgrs. for the City of Flint,* 651 N.W.2d 356 (Mich. 2002), which states that a plaintiff can allege either *respondeat superior* or "direct" employer negligence in hiring or supervision. *Cox* does not address admission of vicarious liability in this context, and does

not even suggest that a plaintiff can continue to pursue claims of negligent hiring, supervision, or retention after such an admission.

Plaintiff seeks to distinguish *Smith v. ER Squibb and Sons,* 723 N.W.2d 476 (Mich. 1978) and *Prentis v. Yale Mfg. Co.,* 365 N.W.2d 176 (Mich. 1984) on the ground that those cases involved jury instructions. Those cases apply the principle that only one of two redundant theories can be presented to the jury.

Plaintiff incorrectly contends that *McHaffie v. Bunch,* 891 S.W.2d 822 (Mo. 1995) is not the "majority rule." Multiple federal courts have recognized *McHaffie* as the majority rule in jurisdictions addressing the issue. See *Southard v. Belanger,* 966 F.Supp.2d 727, 745 (W.D. Ky. 2013) ("majority rule" is that a plaintiff cannot proceed on imputed negligence once an employer admits respondeat superior liability); *Bracaglia v. Singh,* 2026 U.S. Dist. LEXIS 213146 (D. Nev. 2026) (Nevada would adopt *McHaffie's* "majority rule"). Plaintiff neither argues his position is the majority, nor cites any authority.

## II ALTERNATIVELY, PLAINTIFF IS UNABLE TO CREATE A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER FJ CARRIER WAS NEGLIGENT OR CAUSED THE ACCIDENT AND PLAINTIFF'S INJURIES.

A negligent entrustment claim requires a plaintiff to prove the owner/supplier knew or had reason to know the driver was "unfit" or "incompetent." *Perin, supra.* A claim of negligent hiring, supervision, or retention requires proof that harm was foreseeable because the employer knew

or should have known of "prior similar conduct." *Mueller v. Brannigan Bros. Rests and Taverns, LLC,* 918 N.W.2d 545 (Mich. App. 2018). Plaintiff asserts that this requirement applies only to claims involving criminal or intentional conduct, but cites no authority. <u>All</u> negligence actions require proof of foreseeability of harm. See *Rowland v. Independence Vill. of Oxford, LLC,* 974 N.W.2d 228, 229 (Mich. 2022).

Plaintiff did not come forward with evidence to create a genuine issue of material fact as to whether FJ Carrier knew or should have known Pastrana-Jimenez was "unfit" or "incompetent." Plaintiff points to nothing in his driving history. Instead, plaintiff asserts he supposedly was unable to read or speak English sufficiently to understand traffic signs and signals or converse with the public, as required by federal law (49 C.F.R. § 391.11(b)(2)). Plaintiff relies only on the police report stating that two officers asked another officer to interpret during a discussion with Mr. Pastrana-Jimenez, and the fact that he filled out portions of a job application in Spanish. Evidence that he can speak or read Spanish does not establish he cannot read or speak English sufficiently. The mere fact that a third officer was asked to interpret after an accident does not establish that he generally was unable to speak English sufficiently to converse with the public; nor there is any evidence that any inability to converse caused this accident, or that he could not read or understand traffic signs and signals.

While plaintiff asserts that FJ Carrier's internal policies establish its negligence in supervising or training, this is incorrect. In Michigan, internal policies and procedures cannot "'fix the standard of [its] duty to others.'" *Meyers v. Rieck*, 509 Mich. 460, 473; 983 N.W.2d 747 (Mich. 2022). The report of plaintiff's trucking expert is inadmissible hearsay and should not be considered. See Rule 56(c)(2); *Seto v. CSX Transp., Inc.,* 2018 U.S. App. LEXIS 14825 (6th Cir. 2018).

WHEREFORE, defendant FJ Carrier Logistics respectfully requests that this Honorable Court grant judgment in its favor as to "direct negligence" claims.

Respectfully submitted,

DICKIE, MCCAMEY & CHILCOTE, P.C.

By: /s/David A. Kowalski
TIMOTHY S. GROUSTRA (P48966)
DAVID A. KOWALSKI (P71179)
Attorneys for Defendants Marco Pastrana-Jimenez/FJ Carrier Logistics
120 Kercheval Avenue, Suite 200
Grosse Pointe Farms, MI 48236
(313) 308-2034

Dated: October 22, 2026

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by USDC Eastern District of MI E-Filing on 10/22/26.

/s/Isher Poindexter
ISHER POINDEXTER

36957843.1