UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MCDONALD,

Plaintiff,

v

FJ CARRIER LOGISTICS LLC, MARCO POLO PASTRANA-JIMENEZ, and DIESEL GLOBAL LOGISTICS, INC.,

Defendants.

Case No. 2:24-cv-10049
Hon. Brandy R. McMillion
Mag. Curtis Ivy, Jr.

**DEFENDANTS' NOTICE OF SUBMISSION OF PROPOSED HIPAA QUALIFIED PROTECTIVE ORDER**

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
LEO J. ST. AMOUR (P88642)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI 48334
(248) 353-7575 / Fax (248) 254-8081
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com
lstamour@michiganautolaw.com
esimon@michiganautolaw.com

TIMOTHY S. GROUSTRA (P48966)
DICKIE, MCCAMEY & CHILCOTE, PC
Attorneys for Defendants Marco Pastrana-Jimenez/FJ Carrier Logistics
120 Kercheval Avenue, Ste. 200
Grosse Pointe Farms, MI 48236
(313) 308-2034 / Fax (888) 811-7144
tgroustra@dmclaw.com

KEVIN J. PLAGENS (P55992)
ANNE N. ROSENBACK (P79351)
QUINTAIROS, PRIETO, WOOD & BOYER
Attorneys for Defendant Diesel Global
41430 Grand River Avenue, Suite D
Novi, MI 48375
(248) 783-6780/ Fax (248) 783-6781
Kevin.Plagens@qpwblaw.com
anne.rosenbach@qpwblaw.com

**DEFENDANTS' NOTICE OF SUBMISSION OF PROPOSED HIPAA QUALIFIED PROTECTIVE ORDER**

NOW COME Defendants FJ Carrier Logistics, LLC ("FJ Carrier") and Marco Polo Pastrana-Jiminez ("Mr. Pastrana-Jiminez"), by and through their attorneys, DICKIE, McCAMEY, & CHILCOTE, P.C., and, pursuant to the Court's instruction on 11/12/2026, hereby submit their proposed HIPAA Qualified Protective Order:

1. HIPAA specifically allows for a healthcare provider to disclose protected health information to comply with a court order, subpoena, discovery request, or other lawful process. 45 C.F.R. § 164.512(e)(1).

2. Both Michigan law and Sixth Circuit precedent establish that this Court may enter a qualified protective order permitting Defendants' counsel to conduct *ex parte* interviews with Plaintiff's healthcare providers. See, e.g., *Thomas, supra; Domako,* 438 Mich. at 362, 475 N.W.2d at 36; *Holman v. Rasak,* 486 Mich. 429, 437, 785 N.W.2d 98, 102 (2010)

3. Sixth Circuit and State of Michigan precedent does not allow for provisions requiring notice of meetings which have, or are to, occur. *Szpak v. Inyang*, 290 Mich. App. 711; 803 N.W.2d 904 (2010); *Sampson v. Shorepoint Nursing Ctr*, unpublished per curiam of the Court of Appeals, issued July 16, 2020 (Docket No. 346927); *Shropshire v. Laidlaw Transit, Inc.,* No. 06-10682, 2006 WL 6323288 at *3 (E.D.Mich. Aug. 1, 2006) ("principles of fundamental

fairness to investigate the health condition of a plaintiff seeking money damages for injuries mandates that it is not necessary to give notice to plaintiff of a physician interview or contact, nor is it required that plaintiffs' counsel be present . . . To rule otherwise would permit plaintiff to use the physician-patient privilege as both a sword and a shield."); *Tripp v. United States,* No. 21-12859, 2024 WL 2733946 at *2 (E.D.Mich. May 28, 2024) (holding that, under Michigan law, "notice restrictions in qualified protective orders are improper unless they are justified by particular circumstances of that case," and declining to require "advance notice of any *ex parte* meetings")

4. A proposed order is attached as **Exhibit A**.

Respectfully Submitted,

DICKIE, MCCAMEY & CHILCOTE, PC

By: /s/ Timothy S. Groustra
TIMOTHY S. GROUSTRA (P48966)
Attorney for Defendants Marco Pastrana-Jimenez/FJ Carrier Logistics
120 Kercheval Avenue, Ste. 200
Grosse Pointe Farms, MI 48236
(313) 308-2034 / Fax (888) 811-7144
tgroustra@dmclaw.com

Dated: November 16, 2026

**PROOF OF SERVICE**

On November 16, 2026, via court's e-filing system, a copy of the foregoing upon all counsel of record at their respective addresses. I

declare under penalty of perjury that this statement is true to the best of my knowledge, information, and belief.

/s/ Beth K. Pellegrini

Beth K. Pellegrini

37169788.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF MICHIGAN
SOUTHERN DIVISION

JAMES MCDONALD,

Plaintiff,

v

FJ CARRIER LOGISTICS LLC, MARCO POLO PASTRANA-JIMENEZ, and DIESEL GLOBAL LOGISTICS, INC.,

Defendants.

Case No. 2:24-cv-10049
Hon. Brandy R. McMillion
Mag. Curtis Ivy, Jr.

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI 48334
(248) 353-7575 / Fax (248) 254-8081
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com
esimon@michiganautolaw.com

TIMOTHY S. GROUSTRA (P48966)
DICKIE, MCCAMEY & CHILCOTE, PC
Attorneys for Defendants Marco Pastrana-Jimenez/FJ Carrier Logistics
120 Kercheval Avenue, Ste. 200
Grosse Pointe Farms, MI 48236
(313) 308-2034 / Fax (888) 811-7144
tgroustra@dmclaw.com

KEVIN J. PLAGENS (P55992)
ANNE N. ROSENBACK (P79351)
QUINTAIROS, PRIETO, WOOD & BOYER
Attorneys for Defendant Diesel Global
41430 Grand River Avenue, Suite D
Novi, MI 48375
(248) 783-6780/ Fax (248) 783-6781
kevin.Plagens@qpwblaw.com
anne.rosenbach@qpwblaw.com

At a session of said Court held in the City of Detroit,
County of Wayne, State of Michigan
on ______________________________

PRESENT: HON. BRANDY R. MCMILLION
District Court Judge

# HIPAA QUALIFIED PROTECTIVE ORDER

**IT IS HEREBY ORDERED** that Defense counsel may conduct ex-parte interviews with Plaintiff's healthcare providers;

**IT IS FURTHER ORDERED** that all ex-parte interviews shall be in regard to this litigation, and any healthcare provider, like any witness, is not required to participate in an ex-parte interview, and must be told such upon the request for the interview;

**IT IS FURTHER ORDERED** that the medical providers shall be informed that the ex-parte interview/meeting is being requested by defense counsel, not the patient.

**IT IS FURTHER ORDERED** that the treating physician and/or healthcare provider may have his/her own attorney present during said interview/meeting of the counsel of the patient**;**

**IT IS FURTHER ORDERED** that if Defendants or their counsel obtain any protected health information as a result of ex-parte communications with any of Plaintiff's healthcare providers, Defendants are prohibited from using or disclosing that protected health information for any purpose other than this litigation;

**IT IS FURTHER ORDERED** that any protected health information obtained through the ex-parte communications shall be destroyed at the conclusion of this litigation;

**IT IS FURTHER ORDERED** that this Order is entered pursuant to the HIPAA Privacy Regulation 45 CFR §164.512(e)(1)(i) to permit ex-parte interviews between Defense counsel and Plaintiff's healthcare providers, and shall remain in effect through the duration of this litigation;

**IT IS FURTHER ORDERED** that Defendants shall serve a copy of this Order on any treating physician prior to any *ex parte* meetings;

**IT IS SO ORDERED.**

This is **not** a final order and **does not** close the case.

____________________________________

CIRCUIT COURT JUDGE

37169777.1