Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| James McDonald,<br><br>Plaintiff,<br><br>vs.<br><br>FJ Carrier Logistics LLC, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-10049-BRM-CI<br>Hon. Brandy R. McMillion<br>Mag. Curtis Ivy, Jr. |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT FJ CARRIER LOGISTICS LLC AND MARCO POLO PASTRANA-JIMENEZ'S RULE 26(a)(3) DISCLOSURES (ECF No. 111) AND DEFENDANT DIESEL GLOBAL LOGISTICS, INC.'S RULE 26(a)(3) DISCLOSURES (ECF No. 112)**

Defendants FJ Carrier Logistics LLC and Marco Polo Pastrana-Jimenez filed their Rule 26(a)(3) Disclosures on Monday, November 9, 2026. *See* ECF No. 111. Defendant Diesel Global Logistics, Inc. filed its Rule 26(a)(3) Disclosures the same day. *See* ECF No. 112.

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), Plaintiff James McDonald timely asserts the objections contained herein to Defendants' Rule 26(a)(3) Disclosures. Plaintiff reserves the right to raise objections to the materials contained within Defendants' disclosures under Federal Rule of Evidence 402 and 403, which are not waived by not being asserted at this time. Fed. R. Civ. P. 26(a)(3)(B) (stating that objections under Fed. R. Evid. 402 and Fed. R. Evid. 403 are not waived).

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

## I. Witnesses:

1. *Marco Polo Pastrana-Jimenez (listed as "currently unavailable"):* Plaintiff objects to Defendants offering any testimony, statement, or writing of Defendant Pastrana-Jimenez, including his written "accident report" and his statements to police. Mr. Pastrana-Jimenez invoked his Fifth Amendment privilege against self-incrimination in response to Plaintiff's written discovery and has never been produced for a deposition during discovery. Should Defendants attempt to introduce his testimony or written statements, they would be inadmissible hearsay when offered by Defendants. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802.

2. *Defendants' expert witnesses:* Plaintiff objects to the admission of:

A. Any opinion not contained in a Rule 26(a)(2)(B) report;

B. Any opinion that Plaintiff is malingering, exaggerating, or motivated by secondary gain. *See* Fed. R. Evid. 403; Fed. R. Evid. 702.

C. Any legal conclusion, including that Plaintiff was "illegally operating" his motorcycle at the time of the crash or that Defendant Pastrana-Jimenez did not act with "willful or conscious disregard."

## II. Exhibits and Records Custodians:

*1. Pastrana-Jimenez Written Accident Report:* Plaintiff objects to Defendants offering this exhibit into evidence because it is inadmissible hearsay when offered by Defendants. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802.

2. *State of Michigan Child Support Collection Records:* Plaintiff objects to any records from the State of Michigan Child Support Collection on the following grounds:

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

A. Defendants have not produced records during discovery from the Michigan State Disbursement Unit (MiSDU), the Friend of the Court, the MDHHS Office of Child Support, or any other agency responsible for the collection or enforcement of child support. Accordingly, Defendants should not be permitted to use any such documents at trial. Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 26(a)(1)(A)(*ii*), (a)(3)(A)(*iii*), (e)(1). Furthermore, Defendants' designation does not identify any particular office, record, or custodian.

B. Child support obligations have no bearing on liability, causation, or damages. Therefore, they are not relevant evidence in this action. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Any marginal relevance is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Fed. R. Evid. 403. Similarly, evidence of child support obligations would constitute inadmissible character evidence. *See* Fed. R. Evid. 404.

C. This objection applies to all child support entries which may appear within other listed exhibits. Should other exhibits contain such references, a redaction should be made to any references to a child support obligation.

**III. Deposition Designations and Unlisted Exhibits:**

Defendants designated no deposition testimony under Rule 26(a)(3)(A)(*ii*). Plaintiff therefore objects to any later use of deposition testimony by Defendants as substantive evidence other than for purposes of impeachment. Plaintiff also objects to the use or admission of any exhibit, summary, or other evidence not contained within Defendants' Rule 26(a)(3) disclosures.

Respectfully submitted,

MICHIGAN AUTO LAW, P.C.

BY: /s/ Leo J. St. Amour

LEO J. ST. AMOUR (P88642)
Attorney for Plaintiff

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
Attorneys for Plaintiff

Dated: November 23, 2026

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's Objections to Defendant FJ Carrier Logistics LLC And Marco Polo Pastrana-Jimenez's Rule 26(a)(3) Disclosures (ECF No. 111) And Defendant Diesel Global Logistics, Inc.'s Rule 26(a)(3) Disclosures (ECF No. 112) was filed with the Clerk of Court using the CM/ECF system, which generated a Notice of Electronic Filing containing a copy of the foregoing instrument that was served upon all counsel of record.

/s/ Leo J. St. Amour
Leo J. St. Amour